Houston vs. The State.

SAMUEL HOUSTON, plaintiff in error, vs. THE STATE, defendant in error.

| 38 | 165 |
|---|---|
| 116 | 603 |

Upon the trial of a defendant who was indicted for burglary under the Code, for breaking and entering a store-house, alleged to be the property of certain parties therein named.

*Held:* that *parol* evidence of *the fact* that the parties named in the indictment were in the possession of the store-house under a written contract of lease at the time of the alleged burglary, was sufficient to sustain the allegation of ownership of the premises, in the indictment, without the production of the *written contract of lease.*

Burglary.  Motion for new trial.  Decided by Judge FLEMMING.  Chatham Superior Court.  June, 1868.

Houston, and other negroes, were charged with burglary in the day time.  The house charged to have been broken and entered, was described in the indictment as " the store-house of one Uriel B. Wilkinson, and of one Benjamin J. Wilson, the said store-house being the property of the said Uriel B. Wilkinson and Benjamin J. Wilson."

Houston was tried.  During the trial, BENJAMIN J. WILSON swore for the State, that said store-house was rented by Wilkinson & Wilson, (being the parties named in the indictment,) by a written deed of lease, and that witness was in possession of it at the date of the burglary.  Thereupon, defendant's attorney objected to any parol testimony in reference to the fact of renting, or the terms, or time, or nature of it, in as much as there was a written lease.  The Court ruled, that while the witness could not testify as to the terms, etc., of the lease, he could prove the fact of renting, and that he was in possession at the time of the burglary, and that such evidence was sufficient proof of ownership of the premises.

Houston was found guilty.  A motion for new trial was made upon the grounds that the Court erred in allowing said parol testimony of Wilson, and in holding that such parol testimony was sufficient proof of ownership of the premises, that it was not necessary to produce said lease to prove said ownership, and because the verdict was contrary to the evidence, etc.

The Judge refused a new trial, and error is assigned on said several grounds. In this Court, it was conceded, that if the Court was right as to the admissibility of Wilson's testimony and its sufficiency to show ownership of the premises, then the verdict was sufficiently supported by the evidence.

HARTRIDGE, JONES and RICHARDS, for plaintiff in error.

JACKSON, LAWTON and BASSENGER, for the Solicitor General for the State.

WARNER, J.

The only question made in this record is, whether the evidence of the possession of the store-house, alleged to have been broken and entered, was sufficient at the trial, without the production of the *written lease.* The store-house was charged, in the indictment, to be the property of Uriel B. Wilkinson and Benjamin J. Wilson. The evidence was, that they were in possession of the store-house at the time of the burglary, under a written deed of lease. It was objected that the witness could not prove *that fact* by parol, but that the written deed of lease must be produced. The Court overruled the objections, which is now assigned for error here. Burglary is defined by the Code to be " the breaking and entering into the dwelling, mansion or *store-house,* or other place of business of another, where valuable goods, wares, produce, or any other article of value are contained or stored, with intent to commit a felony or larceny." To sustain the allegation in the indictment, all that was necessary to prove at the trial, as to ownership of the store-house, was, that Wilkinson & Wilson occupied and had control of the premises at the time of the alleged burglary ; that they were in the *lawful occupancy* of the same as tenants, or otherwise. Roscoe's Crim. Evidence, 275. Their *lawful* occupancy of the store-house at the time alleged in the indictment, was *the fact* to be established at the trial. In our judgment, that distinct *fact* was sufficiently proved without the production of the *written lease.* The question was, not whether the tenants were

n the *lawful* possession of the store-house as against the landlord, or other persons claiming *title* thereto, but the question was, whether the tenants were in the *lawful* possession and occupancy of the store-house as against *burglars*, who, n violation of law, broke and entered the same, with intent to commit a felony or larceny; whether the tenants had the *lawful* possession of the store-house at the time of the burglary, under a parol or written lease, was not material, the *fact* that they had such possession at the time of the alleged burglary by the defendant was sufficient, without the production of their *written evidence* of title, to sustain the allegation in the indictment.

Let the judgment of the Court below be affirmed.