35136. KEEBLER *v.* WILLARD.

CARLISLE, J. Where, in a civil case, it appears that during the selection of the twelve jurors to try the case from the two panels of twenty-four men, as each of the jurors stood when his name was called, the trial court required counsel, after counsel had propounded various questions to each juror as each juror stood, to accept or reject the juror before he sat down; and counsel for the plaintiff made the following motion at the time: "I move that counsel be permitted to finish both panels, asking any questions by way of examination of them before we are forced or required to select our jury, because if we have to select them while they are standing, we are thereby forced to select them without

knowing what selection we would make if we had an opportunity of examining the whole twenty-four before selecting any of them," which motion was overruled by the trial court—such action on the part of the trial court denied the plaintiff a substantial right given him by statute and rendered all further proceedings in the case nugatory.

By the terms of the act of 1951 (Ga. L. 1951, pp. 214-215, Code, Ann. Supp., § 59-705), it is provided: "In all civil cases it shall be good cause of challenge that a juror has expressed an opinion as to which party ought to prevail, or that he has a wish or desire as to which shall succeed. Upon challenge made by either party upon either of these grounds it shall be the duty of the court to hear such competent evidence respecting the challenge as shall be submitted by either party, the juror being a competent witness, and the court shall determine the challenge according to the opinion it entertains of the evidence adduced thereon. *In all civil causes the parties thereto, shall have the right to an individual examination of the panel of jurors from which the jury is to be selected, without interposing any challenge. . .* Such examination shall be conducted after the administration of a preliminary oath to the panel . . . and in such examination the counsel for either party shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the cause, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning or bias, which the juror might have respecting the subject matter of the suit, or counsel or parties thereto, and religious, social and fraternal connections of the juror." (Italics supplied.)

While the common-law practice of impanelling jurors was to present each juror as he was called, to examine, pass, or challenge him, and to swear him before the next juror was presented—that is to say, the jurors were impanelled one by one, and this practice was formerly followed in this jurisdiction (*Williams* v. *State*, 60 *Ga.* 367, 27 Am. R. 412)—the clear intent of the General Assembly in enacting the statute of 1951 was to permit the parties in civil cases to examine the individual jurors making up the two panels before interposing their challenges. The language of the statute is clear that the parties "shall have the right to an individual examination of *the panel of jurors* from which the jury is to be selected, *without interposing any challenge.*" This is clearly at variance with the former practice, and the act of 1951, being the last expression of the General Assembly upon the subject, is controlling and must be followed.

The plaintiff in the instant case properly preserved his exception to the trial court's denial of the right given him by statute, and a new trial must be granted.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

Decided April 21, 1954.

*Wm. A. Thomas, Ralph C. Brown,* for plaintiff in error.
*Beck, Goodrich & Beck,* contra.