## 20178. BLOUNT v. THE STATE.

WYATT, Presiding Justice. James Madison Blount was tried and convicted of murder without a recommendation to mercy and was sentenced to death. He filed his motion for new trial upon the general grounds, and amended adding a number of special grounds. His motion was denied. The exception here is to this judgment. *Held:*

1. Special grounds 1, 9, and 10 complain because certain alleged incriminatory statements by the defendant were admitted in evidence over the objection that the State had failed to show that the statements were freely and voluntarily made. In so far as this contention is concerned, we deem it sufficient to say again what was said in *Hall* v. *State*, 213 *Ga.* 557 (2) (100 S. E. 2d 176), as follows: "Where a witness, who testified to incriminating statements made to him by the accused, testified that he did not threaten the accused, and the accused was not coerced by anyone, that the accused was not promised

anything, that he was not abused and was advised that he might have legal counsel, it was not error to overrule an objection upon the ground that the statements were not shown to be free and voluntary." See also *Edwards* v. *State, Blount* v. *State,* 213 *Ga.* 552 (100 S. E. 2d 172).

2. Special grounds 3 and 4 complain because certain photographs were introduced in evidence over timely objection. It is contended that such photographs served no real purpose other than to show a corpse for the purpose of exciting passion. As to these identical photographs objected to in the case of *Hall* v. *State,* 213 *Ga.* 557 (5), supra, this court said: "It was not error to admit in evidence over objection photographs of the body of the deceased, an ax, and a wooden bar which some of the evidence showed were used in the slaying by this accused and his coconspirators to rob."

3. Special ground 11 complains because the trial court refused to allow to the defendant the right to an individual examination of each of the jurors from whom the jury was to be selected, prior to interposing any challenge. The defendant contends that Code (Ann.) § 59-705 gives him this right. The pertinent portion of this section reads as follows: "In all civil causes the parties thereto, shall have the right to an individual examination of the panel of jurors from which the jury is to be selected, without interposing any challenge. In all criminal cases both the State and the defendant shall have the right to an individual examination of each juror from which the jury is to be selected prior to interposing a challenge." This language clearly states that the defendant has the right contended for. It does not leave the matter to the discretion of the trial judge, but states that the defendant "shall" have the right to an individual examination of each juror prior to interposing a challenge. Counsel for the State, while admitting that the Code section provides for this procedure in civil cases, insists that the slight difference in language used with reference to civil causes and criminal cases shows an intention on the part of the legislature to restrict this right to civil causes. There is no merit in this contention. The differences in the language used arise from the differences in the provisions made by law for making the panels and in selecting and qualifying jurors in civil and criminal cases; but when considered in connection with these provisions, it is readily apparent that the differences in language require even more conclusively that the defendant

in a criminal case shall have the right to an individual examination of all the jurors before making a challenge to any of them. What is here held is not in conflict with the holding in *Starr* v. *State,* 209 *Ga.* 258 (71 S. E. 2d 654), for the reason that the question here passed upon was not involved in that case. What was there involved was simply whether it was error to require the defendant to ask his qualifying questions before the juror was put upon him. This is an altogether different question from that involved in the instant case. It therefore follows that the failure of the trial court to accord the defendant the right to an individual examination of each of the jurors from whom the jury was to be selected in accordance with Code (Ann.) § 59-705 was error.

4. Special grounds 12 and 13 complain because, while the court was in recess overnight, the jury was separated by six jurors being placed in one room and six in another but adjoining room. Special ground 14 complains because the bailiff in charge of the jury went to a room separate and apart from the jury and went to bed. Under the circumstances appearing in this case by affidavits from both the defendant and the State, it was not error to place the jurors in two separate but adjoining rooms in a motel. It follows there is no merit in special grounds 12 and 13. With reference to ground 14, complaining because the bailiff left the jury and went to bed in a separate room, we find that this practice was error. It is the duty of the bailiff to look after the jury at all times and to remain with the jury and remain awake at all times while they are in his care. His failure to do so in this case constitutes such misconduct as to entitle the defendant to a new trial.

5. As to the general grounds of the motion for new trial, it is sufficient to say that the evidence amply supported the verdict. The contention of the accused in this case is that the incriminating statements were improperly admitted in evidence, and that, without these statements, the evidence was not sufficient. Since it has been held above that the statements were properly admitted, it follows there is no merit in this contention.

6. In special ground 15, the defendant insists that the court erred in refusing to declare a mistrial because no preliminary oath was administered to one panel of 12 jurors put upon the defendant. Since the case is being reversed upon other grounds and the matters here complained of are not such as are likely to occur upon another trial, this assignment of error will not be passed upon.

7. For reasons appearing in divisions 3 and 4 of this opinion, the judgment of the court below must be

Reversed. *All the Justices concur.*

ARGUED SEPTEMBER 8, 1958—DECIDED OCTOBER 10, 1958.

*Lewis & Rozier, Dickens & Dickens, George L. Jackson, Louis H. Rozier,* for plaintiff in error.

*George D. Lawrence, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.