## 21661. FERGUSON v. THE STATE.

ARGUED MAY 15, 1962—DECIDED JULY 11, 1962.

*A. H. Leatherwood, Sr.,* for plaintiff in error.

*Dan Winn, Solicitor General, John T. Perren, Assistant Solicitor General, Robert J. Noland, Eugene B. Brown, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.

HEAD, Presiding Justice. Billy Ferguson was indicted for the murder of Luke A. Brown, and was tried, convicted, and sentenced to death by electrocution. On review his conviction was affirmed by this court. *Ferguson v. State,* 215 Ga. 117 (109 SE2d 44). Subsequently the judgment of affirmance by this court was reversed by the Supreme Court of the United States. Ferguson v. State of Georgia, 365 U. S. 570 (81 SC 756, 5 LE2d 783). The judgment of reversal by the Supreme Court was duly made the judgment of this court. *Ferguson v. State,* 216 Ga. 794 (120 SE2d 123). Ferguson was again tried, convicted, and sentenced to death by electrocution. His motion for a new trial as amended was denied, and the exception is to this judgment.

In ground 1 of his amended motion for a new trial error is assigned because the defendant was "required to interpose his challenge to each individual juror immediately after the voir dire questions and was denied the right to examine each of the remaining jurors from which the jury was to be selected before interposing his challenge to either of them."

The solicitor general filed a response to the grounds of the amended motion, and as to ground 1 it was stated in part: "Counsel for defendant made it clear to the court that he not only wanted 48 jurors impaneled but he wanted 48 jurors qualified and by statutory voir dire questions and also individual examination prior to selection of the first juror."

The grounds of the amended motion for new trial, together with amendments (Exhibits A and B) were unqualifiedly ap-

proved (except ground 7 which was disapproved) on January 30, 1962. Thereafter in passing upon the motion for new trial the trial judge made the following statement as to ground 1: "As to ground 1, there was no challenge to the impaneling of all these jurors or to the array in any manner and there were actually 96 jurors properly impaneled and given the preliminary oath prior to being put on the defendant for challenge and from which to select the jury." This statement by the trial judge is in effect the same as that made by the solicitor general in his response to the amended grounds of the motion for a new trial.

"A ground of a motion for new trial disapproved, or not substantially approved, by the trial judge will be disregarded by a court of review, as presenting nothing for consideration. However, where a ground is substantially approved, it is the duty of a court of review to consider and decide the question substantially presented." *Fair v. State,* 171 Ga. 112 (3) (155 SE 329); *Curtis v. Geiger,* 176 Ga. 864 (1, 2) (169 SE 127); *Taylor v. Taylor,* 195 Ga. 711, 718 (25 SE2d 506). In the present case the additional statement by the trial judge did not limit, restrict, or modify the former unqualified approval of ground 1, to the effect that the defendant was denied the right of individual examination of each juror prior to interposing a challenge, and the question made as to the right to individual examination is properly before the court for determination.

The defendant relies upon the provisions of the act of 1951 (Ga. L. 1951, p. 214, *Code Ann. Supp.* § 59-705) as follows: "In all criminal cases both the State and the defendant shall have the right to an individual examination of each juror from which the jury is to be selected prior to interposing a challenge. Such examination shall be conducted after the administration of a preliminary oath to the panel or in criminal cases after the usual voir dire questions have been put by the court. . ."

The question here involved was settled by this court in the full-bench decision in *Blount v. State,* 214 Ga. 433 (105 SE2d 304). After quoting the provision for examination prior to challenge, it is stated (Headnote 3): "This language clearly states

that the defendant has the right contended for. It does not leave the matter to the discretion of the trial judge, but states that the defendant 'shall' have the right to an individual examination of each juror prior to interposing a challenge." Under the ruling of court in the *Blount* case, it was reversible error to deny the defendant the right of individual examination of the jurors prior to challenge.

■ In ground 2 error is assigned on the refusal of the court to strike for cause, on defendant's motion, named prospective jurors. In the final order denying the motion for a new trial as amended, the trial judge disapproved amended ground 2. The errors alleged to have been committed in this ground can not be reviewed.

■ In ground 3 it is contended that "the court erred in overruling objections of defendant to the presence of five relatives of the deceased" seated "at the prosecution table" actively assisting in "the prosecution of the defendant." It is contended that the presence of these relatives was for the purpose of influencing the jury and that "their presence and placement at said prosecution table did so influence and intimidate the jury, and was prejudicial to the right of the defendant to a fair and impartial trial."

In support of this ground there is attached to the amended motion an affidavit by counsel (Exhibit B) which recites that during a short recess counsel entered the chambers of the trial judge and called the attention of the judge and the prosecuting attorney to these facts, contending that this was prejudicial to the defendant's right to a "fair trial by a fair and impartial jury"; and that neither the solicitor general nor the trial judge ordered the removal of any of the five persons or a change in the seating arrangement. This ground of the amended motion (together with Exhibit B) was approved.

In the order denying the motion for a new trial, as to this ground it is stated: "The court finds as a matter of fact that there was no timely objection made concerning this ground and no ruling of the court was invoked on this ground. There was nothing unusual nor prejudicial about the seating arrangement at the table of the solicitor general, and it was exactly as it

has been arranged for other trials in this court for several years."

If counsel desired to invoke a ruling by the court as to the right of the solicitor general to have seated at the prosecution table four near relatives of the deceased, in addition to the brother, who was the prosecutor, he should have made a motion in open court. Nothing said in a private conversation with the judge in his chambers is a proper subject matter of review by this court. *Grant v. State*, 97 Ga. 789 (25 SE 399); *Flanagan v. State*, 106 Ga. 109, 115 (32 SE 80).

■ On October 2, 1960, the defendant filed a written motion for a change of venue upon the grounds that the defendant could not obtain an impartial jury in the county where the crime was alleged to have been committed, and that the defendant can not receive a fair and impartial trial in Douglas County. On April 18, 1961, the defendant amended his motion for change of venue by adding two paragraphs. In paragraph 5 it was alleged that a large number of the prospective jurors "are themselves Special Deputy Sheriffs of Douglas County, which would tend to prevent defendant from having a jury in Douglas County that would consider all testimony fairly and impartially." Paragraph 6 alleged that counsel for the defendant was threatened with bodily harm by a citizen of Douglas County while counsel was acting as an officer of the court in the service of subpoenas in connection with the hearing on the motion for change of venue, and that counsel fears that violence may be perpetrated upon him if the case is tried in Douglas County.

After a hearing on the motion for change of venue, the trial judge entered an order on May 8, 1961, wherein it was recited in part: "The court finds as a matter of fact that a fair and impartial jury can be obtained in Douglas County for the trial of said defendant, and that he can receive a fair and impartial trial in Douglas County, Ga. The court finds as a matter of fact that no constitutional rights of the defendant will be violated by his being tried in Douglas County, Ga. . . The court finds as a matter of fact that there is no danger of bodily harm to counsel for defendant, nor is there reasonable grounds for any fear that violence may be perpetrated upon him."

The motion for change of venue was denied. Thereafter the

defendant sued out a bill of exceptions to the Court of Appeals based on the ground of violence, and the Court of Appeals affirmed the judgment of the trial court denying the change of venue upon the ground that violence might be perpetrated upon counsel for the defendant. *Ferguson v. State,* 104 Ga. App. 215 (121 SE2d 338).

In ground 4 of the amended motion for new trial, it is recited that the court erred in refusing to grant a change of venue upon the motion made by defendant on April 18, 1961, "and renewed several times at various stages of the trial of the defendant." This ground does not show what motion or motions were made, or at what stages of the trial they were made, or that the motions made invoked any ruling by the court, or that the court in fact made any ruling during the progress of the trial as related to the defendant's motion for change of venue.

It is recited in this ground that 127 jurors were summoned, that 4 were excused as being disqualified by reason of having served on the grand jury that returned the indictment against the defendant, that 29 were disqualified because they were conscientiously opposed to capital punishment, that 11 were related within the prohibited degree to either the deceased or someone actively engaged in the prosecution, that 43 jurors disqualified themselves or admitted on examination that they had formed and expressed an opinion as to the guilt of the accused.

It was not shown in this ground that the newspaper articles introduced at the hearing before the judge on the original motion for change of venue had been read by any of the prospective jurors, or that the newspaper articles had been generally circulated in the county where the crime was alleged to have been committed, and where the defendant was placed upon trial. In the bill of exceptions there is specified as material to the errors complained of: "7. Record of selection of the jury." In certifying the bill of exceptions the trial judge certified that this record "has not been presented to the court for approval nor has it been filed in court and therefore was not considered in the motion for new trial and was not considered as a part of the record in this case. . ." In the absence of this record, and in the absence of proper assignment of error in ground 4, no

abuse of discretion vested in the trial judge is shown by the order overruling the motion for change of venue.·

■ It appears from the record and in ground 5 that Vincent Henderson, an embalmer at a funeral home, had been sworn and testified as a witness for the State. On cross-examination the witness testified: "I was not acquainted with the boy [defendant] prior to his coming to work, but he did work several months, I don't recall exactly how long. I didn't know his reputation. I presume he had reference when he came there, I don't recall. Under normal circumstances a person would have to have a good reputation to get a job there." On re-direct examination counsel for the State propounded the following question: "Now Mr. Henderson, would you say that a man who would walk into another man's place of business and shoot him in the back, and after he fell he put his hands up over his head, and he shot him the second time, and after he shot him the second time he reached down and put the pistol to his temple and fired another shot into his brain, would that be a man of good character?" Objection was interposed by counsel for the defendant, as follows: "My objection is to the fact that he is trying to cross-examine his own witness on the question of whether or not this man was a man of good character, and he begins by giving him a question that he definitely did these acts." Whereupon the court stated. "Under the rule, I believe I will let it in." The witness asked: "You want my opinion?" The counsel for the State then inquired: "I ask you whether that man in your opinion would be a man of good character or not." The witness replied: "No, sir."

The cross-examination of a witness for the State by counsel for the State was argumentative and called for a conclusion by the witness. Such cross-examination was erroneous. *Post v. State*, 201 Ga. 81 (39 SE2d 1).

■ In ground 6 error is assigned on the admission in evidence of a conversation between the defendant and a young woman to whom he was engaged to be married. The conversation between these two was brought out on the testimony of J. B. Cooper, a witness for the State, on direct examination, as follows: "Q. And when she got back there to talk to Billy what did he say to her? A. What did she say to him? Q. What

was the first thing that was said? Mr. Asher: I object to this, I think he can prove that by the witness herself. Q. What was the first thing that was said? A. The first thing that was said, Helen asked Billy, 'Did you really do that?' and he says, 'I did.' Q. And then what was said after that? A. She said to him, 'You didn't need his money.' Q. And what did he say? A. He says, 'I did.' Q. Was that about the substance of the conversation between the two of them at that time? A. Yes, sir."

The sole objection by counsel to this evidence was: "I object to this, I think he can prove that by the witness herself." It is contended in this ground that this testimony was in violation of the hearsay rule under *Code* § 38-301, and that it should have been excluded. If it should be conceded that a proper objection was made, it was not error to admit this testimony under *Code* § 38-302. The testimony tended to establish a motive for the commission of the alleged crime. *Garrett v. State,* 157 Ga. 817 (122 SE 211); *Powers v. State,* 172 Ga. 1 (157 SE 195); *Gresham v. State,* 216 Ga. 106 (115 SE2d 191).

■ Ground 7 was disapproved by the court and will not be reviewed.

■ In ground 8 it is contended that the court erred in allowing in evidence, over the objection of defendant's counsel, testimony regarding evidence obtained by a search of the defendant's room without a search warrant, and while the defendant was in custody. The items involved were identified as the pocketbook and pistol of the deceased. Both ground 8 and the record disclose testimony to the effect that the defendant freely and voluntarily consented to the search of the room where he was staying in the home of Mrs. McLarty, and this ground is without merit.

■ Ground 9 assigns error on the failure of the court, without a written request, to charge the jury on the defense of alibi. This ground is based on the testimony of a witness who testified that he saw the defendant on a public highway at or near the time of the homicide of the deceased. The testimony of the witness was of such a character as to demand a charge on the defense of alibi.

■ Ground 10 assigns error on the admission in evidence of the pistol with which the deceased was alleged to have been killed and his billfold or wallet, together with certain money, over the objection of defense counsel that they were obtained by illegal search and seizure. It is contended that these items were found in the closet of the room rented by the defendant. There being competent evidence to show that the defendant waived the procurement of a search warrant and consented for the officers to search his room, it was not error to admit in evidence the items found therein, alleged to be the property of the deceased.

■ The evidence was sufficient to support the verdict, and it was not error to overrule the general grounds of the motion for new trial.

■ For the reasons set forth in Divisions 1, 5, and 9 of this opinion, the court erred in denying the motion for new trial as amended.

*Judgment reversed. All the Justices concur.*