### 41594. GUNNIN v. THE STATE.

PANNELL, Judge. 1. Upon proper construction of the Act of 1951 (Ga. L. 1951, p. 214; *Code Ann.* § 59-705) the defendant has a right, after the usual voir dire questions have been put to the jury by the court, to individually question all jurors on the entire panel prior to interposing a challenge to any of them. The trial judge has no discretion in the matter, and his denial of this right to the defendant is reversible error. *Blount v. State,* 214 Ga. 433 (3) (105 SE2d 304); *Ferguson v. State,* 218 Ga. 173 (126 SE2d 798); *Britten v. State,* 221 Ga. 97, 100 (143 SE2d 176).

2. "While the questions which may be propounded to prospective jurors under the provisions of *Code Ann.* § 59-705 [Ga. L. 1949, p. 1082; Ga. L. 1951, pp. 214, 215] are largely within the discretion of the court, and may include any matter or thing which would illustrate any interest of the juror in the cause, or any fact or circumstance indicating any inclination, leaning or bias, which the juror may have respecting the subject matter of the suit, nevertheless hypothetical questions involving evidence should be excluded, and no question should be so framed as to require a response from the juror which might amount to a prejudgment of the case. Certain questions here propounded which were subject to these defects were properly ruled out on objection." *Atlanta Joint Terminals v. Knight,* 98 Ga. App. 482 (4) (106 SE2d 417).

3. A statement by the prosecuting attorney in arguing to the jury "that once the State has produced witnesses to you

showing that the defendant . . . killed this deceased person .  . . with a pistol, the burden shifts from the State to the accused to show that he was justified in this killing either by his own statement, which was unsworn . . .” (at which point the prosecuting attorney was interrupted by objection and a motion for a mistrial) does not constitute a comment on the failure of the defendant to testify under the Act of 1962 (Ga. L. 1962, p. 133; *Code Ann.* § 38-415) which provides in part as follows: “The failure of a defendant to testify shall create no presumption against him and no comment shall be made because of such failure.” *Ash v. State,* 109 Ga. App. 177 (3) (135 SE2d 507). In *Carter v. State,* 107 Ga. App. 571 (1) (130 SE2d 806), and *McCann v. State,* 108 Ga. App. 316 (1) (132 SE2d 813), references were made to the fact that the defendant was by law permitted to be sworn and testify under oath and comparisons drawn between that and the unsworn statement. These cases are, for that reason, distinguishable.

4. The case being reversed for other reasons and since the evidence might be different upon another trial, we do not determine whether the evidence was sufficient to authorize the verdict finding the defendant guilty of voluntary manslaughter upon an indictment for murder.

*Judgment reversed. Nichols, P. J., and Eberhardt, J., concur.*

ARGUED NOVEMBER 2, 1965—DECIDED NOVEMBER 23, 1965.

*Hudson & Stula, Jim Hudson, Harold A. Boggs,* for plaintiff in error.

*Clete D. Johnson, Solicitor General,* contra.

