## 47840. MONTGOMERY v. THE STATE.

HALL, Presiding Judge. Defendant appeals from his conviction for burglary and from the denial of his motion for a new trial. Defendant was apprehended at the scene of the burglary. He was identified at the trial by an unimpeached eyewitness (who had known him previously) as the man who was receiving goods handed through a window by an unknown person inside the house.

1. Defendant contends he was denied his right to an individual examination of each juror when the court refused to allow three questions. As all these questions related to the legal presumption of innocence, the questions were not proper. *McNeal v. State,* 228 Ga. 633 (187 SE2d 271).

2. Defendant contends there was a fatal variance between the allegata and probata in two particulars: that he was charged with entering while the proof showed he was never in the house at all; and that the indictment described the house as the dwelling of a certain woman while the proof showed she did not live there but only occupied it occasionally. The first point is answered by Code Ann. § 26-801 which states that a person who aids and abets is concerned in the commission of a crime and "may be charged with and convicted of commission of the crime" as a party. See also *Green v. State,* 124 Ga. App. 469 (184 SE2d 194); *Hannah v. State,* 125 Ga. App. 596 (188 SE2d 401). The second point is also without merit. There is no requirement in the law that a house be continuously occupied in order to be a "dwelling." It is sufficient that it is occasionally occupied for residential purposes and any such lawful occupant has a superior right as against burglars for the purpose of an indictment. See *Houston v. State,* 38 Ga. 165.

3. Defendant contends the court erred in charging the jury on conspiracy when he was not indicted for it and therefore was not prepared to defend on the charge. When the evidence tends to show a conspiracy, a charge upon the subject is not error even if not alleged in the indictment. *Bryant v. State,* 65 Ga. App. 523 (16 SE2d 241); *Banks v. State,* 74 Ga. App. 449 (40 SE2d 103).

4. Defendant contends the court erred in giving a standard charge on resolving conflicting testimony when there was none. He contends this unauthorized charge drew attention to, and was therefore prohibited comment upon, his failure to testify. We cannot agree with this logic. Nothing the court said could possibly have highlighted or diminished the patently obvious fact that the defense put on no case at all — not even an unsworn statement from the defendant simply denying his guilt. The charge on conflicting evidence, while unauthorized, was not harmful to the defendant. This is one of those rare criminal cases in which the evidence demands the verdict and the doctrine of harmless error may be applied. *Hall v. State,* 8 Ga. App. 747 (70 SE 211).

5. All defendant's other enumerations of error are without merit.

*Judgment affirmed. Clark, J., concurs. Evans, J., concurs specially.*

ARGUED JANUARY 8, 1973 — DECIDED FEBRUARY 6, 1973.

*Howard L. Stopeck,* for appellant.

*Ben F. Smith, District Attorney, Roy E. Barnes,* for appellee.

EVANS, Judge, concurring specially. I concur fully in the opinion in this case, but I wish to elaborate as to Division 1. At the beginning of this criminal case, de-. fendant's counsel sought to interrogate the jurors by inquiring as to whether each of them believed in that

principle of law which says that the defendant is presumed innocent until the prosecution proves his guilt beyond a reasonable doubt. The court advised counsel that at the beginning of the term of court, all of these jurors had been instructed by the court as to certain legal principles governing criminal cases, including the one counsel was seeking to propound, and the jurors had pledged themselves to be governed by such instructions. Counsel was then advised that he could not ask the question. Counsel insisted that he did not hear such instructions and response at the beginning of the term, and thereafter sought to propound certain other questions involving legal principles, and the court refused to allow him to do so.

Code Ann. § 59-705 (Ga. L. 1949, p. 1082; 1951, pp. 214, 215) gives to a defendant the right to an individual examination of each juror, after the administration of a preliminary oath, and *"after the usual voir dire questions* have been put by the court, and in such examination *the counsel for either party* shall have the right to inquire of the individual jurors," etc. (Emphasis supplied.)

Of course, it is in the interest of time and court efficiency to conduct the trial of criminal cases as the trial judge here did at the beginning of the term, and before the particular case is called. But this procedure does not comply with the statute. In *Gunnin v. State,* 112 Ga. App. 720 (1) (146 SE2d 131) this court holds: "Upon proper construction of the Act of 1951 (Ga. L. 1951, p. 214; Code Ann. § 59-705) the defendant has a right, after the usual voir dire questions have been put to the jury by the court, to individually question all jurors on the entire panel prior to interposing a challenge to any of them. The trial judge has no discretion in the matter and his denial of this right is reversible error. *Blount v. State,* 214 Ga. 433 (3) (105 SE2d 304); *Ferguson v. State,* 218 Ga. 173 (126 SE2d 798); *Britten v. State,* 221 Ga. 97, 100 (143 SE2d 176)."

While defendant's counsel had the right to propound proper questions to the jury, he did not have the right to "ask technical legal questions in regard to the presumption of innocence, but should confine his questions to those which may illustrate prejudice of the juror against the accused or any interest of the juror in the cause." See *McNeal v. State,* 228 Ga. 633, 636, supra. Although the trial court refused counsel for defendant the right to propound the questions for the untenable reason that the jury had already received instructions and had pledged themselves to abide thereby at the beginning of the term, yet the ruling will be affirmed for a different reason, to wit: improper questions were propounded. A judgment which is correct for any reason, though the wrong reason be given, will be affirmed. *U. S. Cas. Co. v. Richardson,* 75 Ga. App. 496, 500 (43 SE2d 793); *Hill v. Rivers,* 200 Ga. 354, 356 (37 SE2d 386).