36570. THOMAS v. THE STATE.

CLARKE, Justice.

Calvin Thomas was convicted in Chatham County of murder and given a life sentence. His sole enumeration of error is that the trial court erred in denying written and oral motions for individual voir dire of jurors prior to interposing any challenge. Under Code Ann. § 59-705: "In all criminal cases both the State and the defendant shall have the right to an individual examination of each juror from which the jury is to be selected prior to interposing a challenge." Where defendant asserts his right to examine all jurors before striking any of them, it is reversible error for the trial court to deny him that right. *Ladd v. State,* 228 Ga. 113 (184 SE2d 158) (1971); *Ferguson v. State,* 218 Ga. 173 (126 SE2d 798) (1962); *Blount v. State,* 214 Ga. 433 (105 SE2d 304) (1958).

The written motion filed by Thomas was in two paragraphs, the first asking for the right to individually examine the prospective jurors prior to accepting or excusing the first juror, and the second asking that the examination of individual jurors take place outside the presence of other jurors. The State correctly argues that granting or denying isolated examination is within the discretion of the court. *Finney v. State,* 242 Ga. 582 (250 SE2d 388) (1978); *Whitlock v. State,* 230 Ga. 700 (198 SE2d 865) (1973). We find, however, that this argument is inapplicable here because the oral motion renewing a portion of the written motion clearly referred to the request for individual voir dire. The colloquy between defense counsel and the

court as it appears in the record is as follows:

"Mr. Jackson: Your Honor, we're ready at this time. We'd like to renew our motion for individual voir dire of all the jury panel prior to making any strike. The Court: Denied."

Inasmuch as the failure to allow individual examination of jurors prior to any challenge constitutes reversible error, the judgment of conviction must be reversed.

*Judgment reversed. All the Justices concur, except Jordan, C. J., who dissents. Gregory, J., not participating.*

DECIDED JANUARY 16, 1981.

*W. David Sims,* for appellant.

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.