## 65785. HUTTER v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for molestation of his 12-year-old stepdaughter. *Held:*

1. During voir dire of the jury the trial judge limited the defense examination of the jurors to the entire panel instead of to individual jurors. This is reversible error. Under OCGA § 15-12-133 (Code Ann. § 59-705) a defendant is entitled to individual voir dire of each juror, and *Blount v. State,* 214 Ga. 433 (3) (105 SE2d 304), held that it was reversible error to deny a criminal defendant the right to individual examination of each juror prior to imposing a challenge. Accord, *Thomas v. State,* 247 Ga. 7 (273 SE2d 396); *Cowan v. State,* 156 Ga. App. 650 (275 SE2d 665); *Wallace v. State,* 164 Ga. App. 642 (298 SE2d 627).

2. It is claimed that the trial court erred in admitting witnesses' testimony of what the victim had related to them about what defendant had done to her as res gestae.

The evidence shows that the offense occurred while the victim was riding with defendant in his car. When defendant returned home, the victim ran from the car into the house and asked her teen-age sister if the neighbor woman was home. She then ran to the neighbors' house where the man of the house let her in, observing that she was crying and upset. She was permitted to use the telephone to call her mother who was a patient in the hospital but was too upset to tell her mother anything. The neighbor woman arrived about five minutes after the victim, who handed the neighbor the phone and the mother asked the neighbor to find out what was wrong. The neighbor woman calmed the victim down and the victim told her what the defendant had done to her, which was substantially the same as the victim's testimony at trial.

" 'We ask, do not [her words] elucidate the facts with which they were connected? Were not the jury authorized to believe that they were made without premeditation or artifice, and without a view to the consequences? We think so, unquestionably.' Lumpkin, C. J., in *Hart v. Powell,* [(18 Ga. 635, 640)]." *Andrews v. State,* 249 Ga. 223, 227 (290 SE2d 71).

"[A] trial judge's determination that evidence offered as part of the *res gestae* is sufficiently informative and reliable as to warrant being considered by a jury will not be disturbed on appeal unless that determination is clearly erroneous." Id. at 228.

We find that the admission of the testimony as part of the res gestae was not clearly erroneous. Compare, *Johnson v. State,* 142 Ga. App. 560 (1) (236 SE2d 552); *Clark v. State,* 142 Ga. App. 851 (1) (237

SE2d 459); *Sanborn v. State,* 159 Ga. App. 608 (1) (284 SE2d 110); *Littles v. State,* 236 Ga. 651 (2) (224 SE2d 918).

3. The remaining enumeration complains of the trial court's refusal to give defendant's requested charges on the issue of voluntary intoxication to the effect that if the jury found that the defendant was so intoxicated that he could not form the intent required for the crime, he should be acquitted. The trial court instead charged in accordance with OCGA § 16-3-4 (c) (Code Ann. § 26-704).

This issue has been decided adversely to defendant many times, recently by *Gilreath v. State,* 247 Ga. 814 (13) (279 SE2d 650), where the court said at 831: "The trial court charged the last sentence of Code Ann. § 26-704 (now OCGA § 16-3-4): 'Voluntary intoxication shall not be an excuse for any criminal act or omission.' The charge as given correctly stated Georgia law. [Cits.] The case before us, as in so many cases . . . involves only intoxication; the case before us does not involve any question of sanity. The pattern charge is misleading to the extent that it implies that voluntary intoxication in and of itself may be a defense to a crime, and the trial court did not err in refusing the requested charge."

*Blankenship v. State,* 247 Ga. 590 (3) (277 SE2d 505), cited by defendant, is distinguishable as it involved a pattern charge similar to what defendant requested in this case, which was attacked on appeal. In finding that the charge was not error, the court stated at 592 that "the charge was more favorable to the defendant than required. Code Ann. § 26-704; *McLaughlin v. State,* 236 Ga. 577 (244 SE2d 577)." *Ely v. State,* 159 Ga. App. 693 (285 SE2d 66), also cited by defendant, is also inapposite in that while it gave passing approval to a charge to the same effect as requested in the instant case, the issue decided was whether the evidence was sufficient to support the verdict.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 21, 1983 —
REHEARING DENIED MAY 13, 1983 —

*E. Earl Seals,* for appellant.
*Arthur E. Mallory III, District Attorney,* for appellee.