40016. THE STATE v. HUTTER.

WELTNER, Justice.

Hutter was tried and convicted by a jury for molestation of his twelve-year-old stepdaughter. The Court of Appeals reversed, *Hutter v. State,* 166 Ga. App. 608 (305 SE2d 124) (1983), and we granted certiorari.

During voir dire, the following colloquy occurred:

"[Defense counsel]: Your Honor, I object to not being allowed to individually ask the jurors on voir dire whether or not the fact that they have children.

"[The Court]: I gave you permission to ask that.

"[Defense counsel]: I said individually, your Honor.

"[The Court]: All right. Go ahead.

"[Defense counsel]: I object to not being allowed to individually ask each juror on voir dire whether or not they may be prejudiced because of the fact that they have children.

"[The Court]: Let the record reflect that the court permits him to ask the panel and each one that would have prejudice to identify themselves by raising their hand.

"[Defense counsel]: I can't ask them if they have children. Is that correct, your Honor?

"[The Court]: Yes, sir, you can ask them that. And you can ask that other question to the whole panel and let each one that would answer in the affirmative —

"[Defense counsel]: I understand, your Honor, my objection is based on the court not letting me do it individually."

The Court of Appeals held that the trial court denied Hutter the right to individual voir dire of each juror, in violation of OCGA § 15-12-133 (Code Ann. § 59-705). We do not agree.

"While the common-law practice of impanelling jurors was to present each juror as he was called, to examine, pass, or challenge him, and to swear him before the next juror was presented . . . the clear intent of the General Assembly in enacting . . . [OCGA § 15-12-133 (Code Ann. § 59-705)] was to permit the parties in civil cases to examine the individual jurors making up the two panels before interposing their challenges." *Keebler v. Willard,* 90 Ga. App. 66, 67 (81 SE2d 842) (1954). A parallel change of procedure was intended in criminal cases. "Where defendant asserts his right to examine all jurors before striking any of them, it is reversible error for the trial court to deny him that right." *Thomas v. State,* 247 Ga. 7 (273 SE2d 396) (1981), and cites.

Hutter was not denied a right to examine all jurors before striking any of them. Instead, he was denied an opportunity to ask one question *seriatim* to each of the jurors, and was required to address the question once to the panel as a whole in a manner which would assure an individual response from each juror.

OCGA § 15-12-133 (Code Ann. § 59-705) provides: "In all civil cases the parties thereto shall have the right to an individual examination of the panel of jurors from which the jury is to be selected, without interposing any challenge. In all criminal cases both the state and the defendant shall have the right to an individual

examination of each juror from which the jury is to be selected prior to interposing a challenge. The examination shall be conducted after the administration of a preliminary oath to the panel or in criminal cases after the usual voir dire questions have been put by the court. In the examination, the counsel for either party shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the case, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning, or bias which the juror might have respecting the subject matter of the action or the counsel or parties thereto, and the religious, social, and fraternal connections of the juror." Thus it is seen that the right to an individual response — not to an individual question — is the substance of the statute.

The trial court may exercise a discretion as to whether a party, or the court itself, shall propound the questions, and may require that questions be asked once only to the full array of the jurors, rather than to every juror — one at a time — provided, of course, that the question be framed and the response given in a manner that will provide the propounder with an individual response prior to the interposition of challenge. *Messer v. State,* 247 Ga. 316, 323 (5) (276 SE2d 15) (1981); *Hicks v. State,* 232 Ga. 393, 399-400 (207 SE2d 30) (1974); *Whaley v. Sim Grady Machinery Co.,* 218 Ga. 838 (1) (131 SE2d 181) (1963). "The examination is conducted under the supervision and direction of the trial court, and what questions may or may not be asked must necessarily be left largely to the sound discretion of the court, the exercise of which will not be interfered with unless clearly abused." 218 Ga. at 839. As the method used by the trial court in this case was calculated to elicit from each juror an individual response to the question, there was no error.

*Judgment reversed. All the Justices concur, except Hill, C. J., Clarke and Gregory, JJ., who dissent.*

DECIDED OCTOBER 19, 1983 —
REHEARING DENIED NOVEMBER 8, 1983.

*Arthur E. Mallory III, District Attorney, Blanchette C. Holland, Assistant District Attorney,* for appellant.
*E. Earl Seals,* for appellee.