## 42105. STANLEY v. THE STATE.
(329 SE2d 500)

CLARKE, Justice.

Appellant Stanley was convicted in the Superior Court of Bibb County of the malice murder of Amos Veal and sentenced to life imprisonment. He appeals.[1] Stanley's single enumeration of error is that

---

[1] Willie Albert Stanley was indicted May 7, 1984, for the murder of Amos Veal which occurred March 7, 1984. He was convicted and sentenced to life imprisonment June 13, 1984, following a jury trial. He filed a motion for new trial July 11, 1984. The transcript was certified October 26, 1984, and the motion for new trial was denied January 25, 1985. The notice of appeal to the Court of Appeals was filed February 25, 1985. The case was transferred to this Court March 11, 1985. The appeal was docketed in this Court on March 15, 1985, and

the trial court erred in failing to direct a verdict of acquittal on the basis of justification.

Stanley had moved in with Amos Veal's wife after the couple separated. When the Veals decided to attempt a reconciliation, Mrs. Veal asked Stanley to move. On the day of the shooting Stanley went to the Veal house with a pistol in his hand. He shot Amos with the pistol, and Amos shot him with a shotgun. Mrs. Veal testified that Stanley had threatened her on two occasions since he had moved from the Veal home and had gone to her place of employment to kill her but had changed his mind. She testified that when her husband, armed with a shotgun, opened the door on March 7, 1984, Stanley shot him more than once with a pistol. She said her husband then stepped back, raised the shotgun and shot Stanley. A neighbor, a former police officer, testified that he heard three pistol shots followed after a brief interval by the sound of a shotgun. Mrs. Veal stated that she ran from the living room to telephone the police and heard more shots while telephoning.

Stanley testified he took his pistol with him to the Veals' door because he did not want to leave it in his unlocked car. He said that Amos greeted him at the door with a shotgun and shot him. Appellant testified that after being shot he fired at Amos until his gun clicked. The Bibb County Medical Examiner testified at trial that Veal sustained three entry gunshot wounds and died from blood entering the peritoneal space.

The trial judge denied the motion for directed verdict of acquittal. The jury convicted Stanley of the murder of Amos Veal. This court has held in *Humphrey v. State*, 252 Ga. 525 (314 SE2d 436) (1984), that the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), is the applicable test for analysis of a challenge to the court's refusing to direct a verdict as well as a challenge to the sufficiency of the evidence. Here, there was sufficient evidence of guilt for the trial court to deny the motion for directed verdict and sufficient evidence to authorize the jury to disbelieve appellant's claim of self-defense.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 22, 1985.

*Thomas F. Jarriel,* for appellant.

*Willis B. Sparks III, District Attorney, Charles H. Weston, Assistant District Attorney, Michael J. Bowers, Attorney General, J.*

submitted for decision April 26, 1985.