## 72078. SHADIX v. THE STATE.
(347 SE2d 298)

BENHAM, Judge.

This appeal is from appellant's conviction of three counts of vehicular homicide and one count of failure to maintain no-fault insurance. We affirm.

1. A nurse employed by the hospital to which appellant was taken for treatment of injuries received in the collision giving rise to the charges against him testified that, at the request of emergency room personnel, she took a blood sample from appellant. When the law enforcement officer who was investigating the collision arrived at the hospital, he informed appellant of his implied consent rights and requested that another blood sample be taken in his presence. The first sample, which had been taken in the presence of a deputy sheriff who had also explained appellant's implied consent rights to him, was discarded. Appellant argued at trial and on appeal that the second sample, which was the only one tested for blood alcohol, should not have been taken and that the results of the blood alcohol test should have been suppressed.

We find this issue to be controlled by the principles stated in *Montgomery v. State*, 174 Ga. App. 95 (2) (329 SE2d 166) (1985). There, the results of a breathalyzer test were inadvertently voided and another sample was taken for testing. This court found that there was no injustice in requiring a defendant to supply a reasonable number of bodily substance samples in order that a test may be completed. We find the same reasoning applicable here. At the time the first blood sample was taken, appellant was not under arrest and the blood sample had not been taken at the request of a law enforcement officer. See OCGA § 40-5-55 (a). "[T]he authority of a law enforcement officer to require additional samples for retesting will be limited by the reasonableness of the delay and reasonableness of the inconvenience to the defendant." Id. Here, the evidence shows that the officer who requested the second sample did so out of concern that proper procedure be followed. There was no showing that appellant was in any way inconvenienced by the taking of a second blood sample. Under those circumstances, we find no error in the admission of the results of a blood alcohol test performed on that second sample.

2. A witness from the State Crime Lab was asked about the effect of the passage of time on a person's blood alcohol level and about the effect of adding fluids to a person's blood. Appellant objected to that testimony on the ground that the State should have been limited to the first sample taken from appellant. Since we have determined that that argument has no validity, it follows that this one does not. In addition, we note that appellant stipulated that the witness was qualified to testify concerning blood alcohol levels and their effects and

that appellant had a full opportunity to cross-examine the witness. There was no error in the trial court's overruling of appellant's objection to the witness' testimony.

3. The indictment alleged that appellant was guilty of driving under the influence of alcohol and of reckless driving. Appellant moved for a directed verdict on the issue of reckless driving and enumerates as error the denial of that motion. The test to be applied is the sufficiency of the evidence test set out in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Stanley v. State*, 254 Ga. 376 (329 SE2d 500) (1985).

The evidence in this case showed that appellant came over a hill around a curve, crossed over into the wrong lane, and stayed there until his car collided head-on with another. Although appellant argued that the evidence showed that his car hydroplaned on a wet road, there was substantial evidence that, although the road was wet, there was no standing water such as would cause hydroplaning at or near the collision site. The evidence was sufficient for any rational trier of fact to find beyond a reasonable doubt that appellant's conduct in driving on the wrong side of the road constituted "reckless disregard for the safety of [others]." OCGA § 40-6-390. There was no error in denying appellant's motion for a directed verdict.

4. Defense counsel sought to question each juror separately concerning their opinions about drinking. The trial court refused to allow appellant to question each juror individually or to ask such a general question. The court required the jurors to respond to a question about conscientious opposition to drinking, then asked those who responded whether they would nonetheless be able to give appellant a fair trial. Appellant contends that the trial court erred in refusing to permit individual questions and in limiting the scope of the questions.

The trial court's decision not to permit individual questioning was based on Rule 10.1 of Uniform Rules for Superior & State Courts: "The court may require that questions be asked once only to the full array of the jurors, rather than to every juror — one at a time — provided that the question be framed and the response given in a manner that will provide the propounder with an individual response prior to the interposition of challenge." The trial court's action was clearly within the Rule and was, furthermore, in accordance with the holding in *State v. Hutter*, 251 Ga. 615 (307 SE2d 910) (1983), that OCGA § 15-12-133 gives a right to individual responses from jurors rather than a right to individual questions.

Appellant's second contention is controlled adversely to him by *Rielli v. State*, 174 Ga. App. 220 (2) (330 SE2d 104) (1985): "Since the distinction between questions which ask jurors how they would decide issues of a case if and when such issues are presented and questions which merely inquire whether jurors can start the case

without bias or prior inclination is not always crystal clear, the 'control of the voir dire examination is vested in the sound legal discretion of the trial judge and will not be interfered with by this court unless the record clearly shows an abuse of that discretion.' [Cits.]" We find no such abuse, especially in light of the fact that the questions the trial court asked in this case were closer to revealing to the defense how the jurors might vote than were the questions counsel sought to ask.

5. Appellant has enumerated as error the trial court's refusal to charge the jury that if the evidence presents two theories, one of guilt and the other consistent with innocence, the justice and humanity of the law compel the acceptance of the theory which is consistent with innocence. "The requested charge . . . has been criticized from the date it was written . . . and [has been] relegated to a role in cases 'dependent solely upon circumstantial evidence.' [Cits.]" *Lang v. State*, 171 Ga. App. 368 (3) (320 SE2d 185) (1984). In the present case there was direct evidence that appellant was driving while under the influence of alcohol, that he drove on the wrong side of the road and collided head-on with the car containing the victims, and that the collision killed the victims. There was, therefore, no error in refusing the requested charge.

6. Appellant's final enumeration of error concerns the denial of his motion for a directed verdict of acquittal on the charge of driving without no-fault insurance. The evidence presented by the State showed that appellant's coverage had expired prior to the date of the collision and that he had not renewed his coverage with his previous insurer. In addition, considering the record as it existed at the close of the trial (see *Causey v. State*, 154 Ga. App. 76 (267 SE2d 475) (1980)), we note that appellant admitted on cross-examination that he had no insurance at the time of the collision and was aware of that fact. There was no error in the denial of appellant's motion for a directed verdict of acquittal. *Stanley*, supra.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 20, 1986 —
REHEARING DENIED JULY 7, 1986 —

*Gerald P. Word*, for appellant.

*Arthur E. Mallory III, District Attorney, William Hamrick, Assistant District Attorney*, for appellee.