## S99A0286. WALKER v. THE STATE.
### (519 SE2d 670)

THOMPSON, Justice.

Defendant Reginald Walker was convicted of felony murder, armed robbery and possession of a firearm during the commission of a crime.[1] He appeals, asserting, inter alia, that he was denied the right to individually examine prospective jurors during voir dire. We find no error and affirm.

Viewing the evidence in a light to uphold the verdict, we find the following: On August 8, 1996, defendant, George Hudson, and Thad McClamey, drove from Atlanta to Augusta and went to a car wash owned by the victim, Darrell Rouse. Rouse owed some money to Hud-

---

[1] The crimes were committed on August 8, 1996. Defendant and his co-defendants, George Hudson and Thad McClamey, were indicted on October 15, 1996, and charged with malice murder, felony murder (predicated on the underlying felony of aggravated assault), armed robbery, and possession of a firearm during the commission of a crime. Trial commenced on January 14, 1997, and the jury returned its verdict on January 16, 1997. The trial court sentenced defendant to concurrent life terms on the felony murder and armed robbery counts, and a consecutive five-year term on the firearm count. Defendant's timely filed motion for a new trial was denied on October 21, 1998; defendant filed a notice of appeal on October 20, 1998. The case was docketed in this Court on November 16, 1998, and submitted for a decision on briefs on January 4, 1999.

son. Although he was not at the car wash when the trio arrived, Rouse showed up a few minutes later. He entered the business office of the car wash where he spoke with the men. Shortly thereafter, as Rouse tried to leave the office, defendant fatally shot him two times with a .357 magnum pistol.

Defendant and his cohorts fled the scene in the victim's Camry. They drove to an airport in Columbia, South Carolina, flew to Atlanta, and turned themselves in to the police.

1. The evidence was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of felony murder, armed robbery and possession of a firearm during the commission of a crime. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It cannot be said that the evidence of armed robbery was insufficient simply because defendant Hudson and McClamey did not form the intent to take Rouse's car until after Rouse had been killed. *Francis v. State,* 266 Ga. 69, 70 (463 SE2d 859) (1995).

The fact that the jury acquitted defendant of malice murder, and convicted him of felony murder, armed robbery and the firearm charge, is of no import. These verdicts are not necessarily inconsistent. Even if they were, the inconsistent verdict rule has long been abolished in criminal cases. *Milam v. State,* 255 Ga. 560, 562 (341 SE2d 216) (1986).

2. During voir dire, defendant insisted that he was entitled to question each juror individually before interposing peremptory challenges. The trial court disagreed, ruling that if, in posing questions to the panel as a whole, it appeared that additional questions were necessary to explore the bias of an individual juror, defendant could pose additional questions to such a juror. We find no error. Although a defendant has a right to individualized *responses* from each member of the panel, he is not entitled to question each juror individually. *State v. Hutter,* 251 Ga. 615 (307 SE2d 910) (1983) (holding that OCGA § 15-12-133 gives a right to individual responses, not individual questions). Thus, a trial court can, as in this case, require a defendant to address general questions to the entire panel rather than allowing him to question each juror seriatim. Id.; *Shadix v. State,* 179 Ga. App. 644, 645 (347 SE2d 298) (1986) (trial court did not err in refusing to permit individual questions and in limiting the scope of the questions). This practice complies with Rule 10.1 of the Uniform Rules of the Superior Court.[2]

*Thomas v. State,* 247 Ga. 7 (273 SE2d 396) (1981), is not appo-

---

[2] That rule states: "The court may require that questions be asked once only to the full array of the jurors, rather than to every juror – one at a time – provided that the question be framed and the response given in a manner that will provide the propounder with an individual response prior to the interposition of challenge."

site. That case simply held that a defendant is entitled to voir dire the entire prospective jury pool before exercising any challenges for cause or exercising peremptory strikes. It did not hold that a defendant is entitled to individually question each member of the jury panel seriatim.

3. Defendant asserts the trial court erred in denying his *Batson*[3] motion because five out of six of the State's peremptory challenges were used to strike black females. We disagree. Assuming that defendant established a prima facie case of purposeful discrimination, the trial court found these jurors were struck for non-discriminatory reasons. After reviewing the State's reasons for its peremptory strikes, we conclude that the trial court did not abuse its discretion by finding that the reasons were race-neutral and sufficient. *Barnes v. State*, 269 Ga. 345, 349 (6) (496 SE2d 674) (1998) (a trial court's finding on whether the opponent of the strikes has met his burden of persuasion is entitled to great deference and affirmed unless clearly erroneous).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 9, 1999.

*Tony L. Axam,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Assistant Attorney General,* for appellee.

---

[3] *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).