## S01A1590. SHERRELL v. THE STATE.
### (554 SE2d 726)

CARLEY, Justice.

A jury found Steve Sherrell guilty of felony murder, aggravated assault, five counts of armed robbery, and six counts of possession of a firearm during the commission of a crime. The trial court correctly recognized that the underlying felony of aggravated assault had "merged, as a matter of law, into the felony murder and [that] a separate sentence for that underlying felony [was] not . . . authorized. [Cit.]" *Malcolm v. State*, 263 Ga. 369, 372 (5) (434 SE2d 479) (1993). Therefore, the trial court entered judgments of conviction and sentenced Sherrell to life imprisonment on the felony murder count, to consecutive terms of years on the firearm possession counts and two of the armed robbery counts, and to concurrent terms of years on the remaining armed robbery counts. Sherrell appeals pro se.[1]

1. Construed so as to support the verdict, the evidence shows that, on several occasions, Sherrell and his co-indictees used firearms to steal automobiles from their owners and to shoot one of the vic-

---

[8] See *Woods*, 271 Ga. at 454.

[1] The crimes occurred from October 17 to December 6, 1993. The grand jury returned its indictment on April 5, 1994. The jury found Sherrell guilty on May 15, 1995, and the trial court entered the judgments of conviction and sentences on May 19, 1995. Sherrell filed a motion for new trial on June 15, 1995. The trial court denied that motion on July 20, 2000, and Sherrell filed a notice of appeal on August 15, 2000. The case was docketed in this Court on July 24, 2001 and orally argued on October 9, 2001.

tims, resulting in his death. The evidence was sufficient to authorize a rational trier of fact to find Sherrell guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Walker v. State*, 271 Ga. 328, 329 (1) (519 SE2d 670) (1999); *Chambers v. State*, 266 Ga. 39, 40 (1) (463 SE2d 887) (1995).

2. Sherrell contends that the superior court did not have jurisdiction because the indictment failed to allege any criminal offense under Georgia law, but rather specifically referred to the federal carjacking statute. To the contrary, the indictment does not refer to that federal statute at any point. The indictment sets forth the elements of the state offenses which it charged and did not allege the differing elements of the federal crime of carjacking. See *Torres v. State*, 270 Ga. 79, 80 (1) (508 SE2d 171) (1998). This enumeration is wholly without merit. See *Catchings v. State*, 256 Ga. 241, 244 (5) (c) (347 SE2d 572) (1986).

3. Sherrell also urges that, in the absence of confrontation and cross-examination of the State's witnesses, he was deprived of adequate procedural safeguards and a meaningful opportunity to be heard. However, Sherrell's three attorneys were always given the opportunity to cross-examine the State's witnesses. Those attorneys cross-examined all of the co-indictees and several others. In every other instance, "defense counsel expressly declined to question the witness. . . . By refusing to cross examine, defense counsel waived any right to object based on a denial of cross examination." *Lively v. State*, 237 Ga. 35-36 (226 SE2d 581) (1976). See also *Isaac v. State*, 269 Ga. 875, 876 (2) (505 SE2d 480) (1998).

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 22, 2001.

Steve Sherrell, *pro se.*

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General,* for appellee.