## 37766. AUSTIN *v.* THE STATE.

DECIDED SEPTEMBER 9, 1959.

*Howell C. Ravan*, for plaintiff in error.
*Luther C. Hames, Jr., Solicitor-General*, contra.

CARLISLE, Judge. ■ The first special ground complains of the admission in evidence of the warrant issued by the justice of the peace over the objection as shown by this ground "that it has no value at all." It is contended that the admission of the warrant over this objection was material, prejudicial and hurtful to the movant because it disclosed the particulars of the complaint and was inadmissible hearsay evidence without any value to prove venue, and that to permit the warrant to go out with the jury gave it an unfair advantage over the oral testimony by allowing it to speak to the jury more than once, and that its admission was further hurtful to the defendant for the reason that the court should have instructed the jury limiting the purpose for which the warrant was introduced. An objection to evidence not made and passed on in the lower court at the time the evidence is offered cannot be raised for the first

time in the motion for new trial or in the appellate court. *Lankford* v. *Holton,* 187 *Ga.* 94, 100 (200 S. E. 243); *Mack* v. *State,* 71 *Ga. App.* 303 (30 S. E. 2d 795). Accordingly, since it does not appear from this ground of the motion that any of the latter objections were urged before the trial court at the time the evidence was offered, they cannot now be considered. A mere general objection that proffered evidence is incompetent (*Bowen* v. *Smith-Hall Grocery Co.,* 146 *Ga.* 157 (1), 91 S. E. 32), or that it is irrelevant (*Holliman* v. *State,* 42 *Ga. App.* 322 (2), 155 S. E. 906), or that such evidence was without probative value is too general to present any question for consideration by the trial court or by the appellate court in reviewing the overruling of the motion for new trial. *Battle* v. *State,* 73 *Ga. App.* 476, 481 (36 S. E. 2d 873). Under these rules of law the objection to the introduction of the warrant which was interposed in this case was entirely too vague and general to present any question for the trial court's ruling and to form any basis for review of the ruling admitting the warrant in evidence. Accordingly, this ground fails to show harmful or reversible error.

■ Special ground 4 complains of three widely separated portions of the charge to the jury, as follows: "And you must further find that the offense occurred in this county. Proof of venue is essential to conviction in criminal cases, and must be established beyond a reasonable doubt. Hearsay evidence is admissible to show county boundaries. Evidence of that may be either direct or circumstantial."

"And in that charge of course it would include the question of venue; that would be a question of fact that you would determine in the way that I have instructed you."

"I charge you that proof of venue is essential to conviction in a criminal case, and it must be established beyond a reasonable doubt. And hearsay evidence to show the county boundary is admissible, as the reputation in the community of the location or site of the county boundary is admissible in evidence. Evidence of the county boundary and the question of venue may be by direct evidence or circumstantial evidence. And on the question of where the greater weight of the evidence lies the

jury is the sole judge of where the greater weight of evidence lies. And in that regard you can take into consideration the credibility of the witnesses, their interest or want of interest in the case, their familiarity with the evidence and the circumstances they testify about, the reasonableness or unreasonableness of their testimony. You may also consider the number of witnesses; however the greater weight of evidence does not necessarily rest with the greater number of witnesses."

The assignment of error on these portions of the charge is, "that said charge was erroneous and not sound as an abstract principle of law." It is manifest that at least some portions of the quoted charge did not embody unsound abstract propositions of law. A mere general assignment of error on lengthy and diverse portions of the charge, on the ground that they are erroneous and not sound as abstract principles of law is insufficient to present any question for the consideration of the trial court in passing on a ground of a motion for new trial, and is insufficient to present any question for review or consideration by the appellate court where such ground fails to point out specifically what portions of the quoted charge it is contended are erroneous abstract propositions of law, and where at least some of the propositions charged, as complained of in the ground of the motion, are not erroneous or unsound as abstract principles of law. See *Anderson* v. *Southern Ry. Co.*, 107 *Ga.* 500 (4c) (33 S. E. 644).

■ Special grounds 2 and 3 of the motion complain that the State failed to prove the venue of the alleged crime. These are but elaborations of the general grounds and will be considered with them. With respect to the question of venue, the evidence shows that the prosecutrix was, to be sure, uncertain after the occurrence as to exactly where the defendant had taken her when he committed the alleged assault. In her evidence she described in detail, albeit somewhat confusedly, their wanderings over the roads and byways in an area of Cobb County and possibly of adjoining Bartow County immediately prior to the time of the assault. However, the evidence further showed that the next day after the occurrence and on possibly one other occasion thereafter the prosecutrix took certain police

officers who were witnesses for the State out to the scene and showed them where the crime was committed. One of the witnesses who was thus shown the scene of the crime was Grady Gee, the justice of the peace before whom the warrant was taken. He testified as to the reputation in the neighborhood as to where the line between Cobb and Bartow Counties was located, and, in this connection, he described a particular locality on a dirt road and stated in substance the reputation in the neighborhood as to where the county line crossed that road. J. D. Watson, a county detective of Cobb County, a witness for the State, testified as to being directed to the scene of the crime by the prosecutrix on the same occasion, and as to going there with her and with other detectives and police officers. After describing the route taken to go to the scene of the crime, this witness was asked if he were familiar with the county line between Bartow County and Cobb County, and he stated that he was shown the line by Mr. Wommack and by Mr. Grady Gee. This question and answer was objected to. The court overruled the objection, to which ruling no exception is now made, and the witness was permitted to testify that the line was pointed out to him there; that the prosecutrix pointed out the place on the road where the defendant made the assault on her, "not the exact spot but within we will say 100 feet or better, and the area that she pointed out to us there was in Cobb County." On cross-examination, this witness stated, "I was with Mr. Grady Gee there. As to whether or not on this particular morning he told me where that line was, he showed me a branch there that he said he had known for years as the line between Bartow and Cobb Counties," and that the place where the prosecutrix showed him and the other detectives that she was attacked was west of that stream and back towards Acworth. This evidence, when considered with the direct evidence of Grady Gee as stated above, was sufficient to authorize the jury to find that the crime was committed in Cobb County and not in Bartow County. Code § 38-313; *Rider* v. *State*, 196 *Ga.* 767 (2) (27 S. E. 2d 667); *Shuman* v. *State*, 84 *Ga. App.* 585, 586 (66 S. E. 2d 152).

The defendant was charged with the offense of rape. The

jury convicted him of assault and battery. The evidence shows without dispute, save the general denial made by the defendant in his statement that the transaction took place at all, that the defendant perpetrated an assault upon he prosecutrix and in so doing administered to her a savage beating, bloodying her nose, cutting and bruising her face and otherwise beating and striking her on her face, head, arms and body with his fists. The evidence amply authorized the verdict of guilty of assault and battery, and the trial court did not err in overruling the general grounds of the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*