## 44580. YOUNG v. THE STATE.

JORDAN, Presiding Judge. This is an appeal from an order of indefinite commitment of a juvenile, born on February 27, 1954, to the Division for Children and Youth, Department of Family and Children Services, as provided in § 13 of the Children and Youth Act, Ga. L. 1963, pp. 81, 105 (*Code Ann.* § 99-213). The order is dated December 28, 1968. The juvenile was released on February 21, 1969, on bail, pursuant to the provisions of a federal court order. Young v. Proctor, Civil Action No. 12,475, United States District Court, Northern District of Georgia. The Supreme Court transferred the appeal from the juvenile court order to this court. *Young v. State*, 225 Ga. 221 (167 SE2d 591). *Held:*

The evidence adduced at the juvenile court hearing, stripped of hearsay and in relation to the only alleged misconduct of the child, that she used vile, obscene, and profane language on more than one occasion, shows that she used the term, "kiss my ass" on one occasion in a classroom of boys and girls about her same age, the evidence being in conflict as to

whether similarly offensive language was directed to her, and that on a previous occasion on a school bus she called another student a "cross-eyed bastard" perhaps in response to a reference to her as a "nigger," and that on still another occasion on a school bus she called another student a "bitch," also perhaps preceded by provoking remarks. Nothing appears to rebut the uncontradicted evidence disclosing the disapproval of the parents of the use of such offensive language, or otherwise indicating that they are not capable of supervising the correction and training of the child. We do not regard this evidence as sufficient to authorize a determination of a juvenile court that the child is one, even if delinquent, who is "in need of correction, treatment, care and rehabilitation" as set forth in the order, warranting commitment to a State welfare agency, having authority, absent further action, to keep her in confinement until she reaches age 21. See Ga. L. 1963, pp. 81, 107, 109 (*Code Ann.* § 99-213 (d) (2), (j)). Such action necessarily deprives her parents of their prima facie prerogative of training and supervision, and implies that the juvenile is, within the terms of the juvenile law, one who is in need of supervision beyond the control of her parents and in need of correction and training which the parents cannot provide. See Ga. L. 1968, pp. 1013, 1016, 1019 (*Code Ann.* §§ 24-2401, 24-2408). The State concedes it was not the purpose of the petition to accuse the juvenile of the commission of a punishable offense, and the recent decision of Wilson v. Gooding, Civil Action No. 12,511, United States District Court, Northern District of Georgia, July 7, 1969, held unconstitutional Georgia Code § 26-6303 dealing with the use of opprobrious words or abusive language in the presence of another.

While in no way condoning the use of such alleged language by school students, this court merely observes that such conduct as proved here is usually the subject of disciplinary action by school officials without the necessity of invoking the aid of the courts. Indeed, the record shows that white students who used similar language were appropriately punished at the school level. To bring all students accused of this or similar deeds of misconduct before the courts would be taking advantage of the real purpose of and necessity for the Juvenile Court Act and would place burdens on the courts which rightfully belong to parents and school officials. It is only

when such corrective measures are totally without avail that the courts should be asked to invoke the sometimes awesome consequences of the law.

*Judgment reversed. Hall, P. J., concurs. Whitman, J., concurs in the judgment.*

ARGUED JULY 9, 1969—DECIDED NOVEMBER 6, 1969.

C. B. King, Howard Moore, Jr., Peter E. Rindskopf, Jack Greenberg, Melvyn Zarr, for appellant.
W. J. Forehand, District Attorney, for appellee.