131 Ga. App. 1 (1974)
205 S.E.2d 59
M. S. K.
v.
STATE OF GEORGIA.
49076.
Court of Appeals of Georgia.
Argued February 12, 1974.
Decided February 18, 1974.
Hill, Jones & Farrington, Bobby L. Hill, William T. Coleman, III, for appellant.
J. Lane Johnston, District Attorney, for appellee.
HALL, Presiding Judge.
M. S. K., an eleven-year-old black boy, came before the Effingham County Juvenile Court judge on charges of having touched two eleven-year-old white girls, who were dressed in pants, in the genital area. He did not contest the statements of the two girls, one of whom said it had happened other times before; but neither of the girls said he had kicked or otherwise hurt them, whereas M. S. K. and his two witnesses seemed to testify to some kicking. The record of the hearing indicates that M. S. K. had not been generally thought to be a behavior problem; that his teacher administered a spanking following this offense; and that the girls' parents had not particularly wanted the matter to go as far as juvenile court. The complaint was filed by the local sheriff.
The judge ordered M. S. K. placed on probation and allowed him to remain in his home, but ordered "that you don't go to school anymore. I want to get you out of that school... You just haven't got any business in school."
1. The motion to dismiss the appeal is denied. See Rule 14 (124 Ga. App. 873).
2. This case should not have been brought before the juvenile court. "While in no way condoning the ... [act done by this eleven-year-old child] this court merely observes that such conduct as proved here is usually the subject of disciplinary action by school officials without the necessity of invoking the aid of the courts ... To bring all students accused of this or similar deeds of misconduct *2 before the courts would be taking advantage of the real purpose of and necessity for the Juvenile Court Act and would place burdens on the courts which rightfully belong to parents and school officials. It is only when such corrective measures are totally without avail that the courts should be asked to invoke the sometimes awesome consequences of the law." Young v. State, 120 Ga. App. 605, 606 (171 SE2d 756).
It should be noted that this youth is below the age of criminal accountability as set by the General Assembly of Georgia. Code Ann. § 26-701. See Code Ann. § 24A-401 for the definition of a "delinquent child" and an "unruly child."
As to his right to an education, the laws of Georgia require children to attend a public or private school between their seventh and sixteenth birthdays. Code Ann. § 32-2104. The American Bar Association Standards relating to probation of adult criminals recommend that a condition for probation is the pursuit of educational training. See pp. 44-45.
Judgment reversed. Deen and Stolz, JJ., concur.