## 52310. HALL v. THE STATE.

MARSHALL, Judge.

Appellant Hall was indicted, tried and convicted of burglary in July, 1973. He was sentenced to serve five years imprisonment. The Supreme Court of this state granted Hall the right to pursue an out-of-time appeal. *Hall v. Hopper,* 234 Ga. 625, 632 (216 SE2d 839). Pursuant to that right, appellant has enumerated seven alleged errors. *Held:*

1. The first enumeration of error asserts that one of the grand jurors who returned the indictment against appellant was an elected public official, i.e., a city councilman, and was thereby incompetent to serve as a grand juror. It is contended this rendered the indictment void. Ga. L. 1973, p. 726 (Code Ann. § 59-201). No objection was made prior to the return of the indictment nor has any showing been made that defendant had no knowledge of the alleged defect. The challenge, not being timely filed, was waived. *Sanders v. State,* 235 Ga. 425, 426 (219 SE2d 768). Moreover the 1973 amendment to Code § 59-201 excluding elected public officials did not have an effective date; therefore it became effective July 1, 1973. The indictment was returned on May 21, 1973. It follows that the July amendment had no legal effect upon the May indictment.

2. The second enumeration asserts that error was incurred and compounded when the trial court and the state's attorney referred to Hall as using an alias. The record does not support the contention that the jury was informed that Hall deliberately used an alias. The indictment recognized a discrepancy between the use of "Jr." and "III." The trial court read the indictment which indicated the discrepancy and the state's attorney simply identified Hall by both cognomens, obviously to insure proper identity. If there was error it was not noted by objection at trial. Where appellant asserts error but no objection was made at trial, it cannot be raised for the first time on appellate review as a ground of enumerated error on direct appeal. *Hart v. State,* 227 Ga. 171 (179 SE2d 346); *Pulliam v. State,* 236 Ga. 460 (224 SE2d 8); *Porterfield v. State,* 137 Ga. App. 449 (2) (224 SE2d 94).

3. Hall complains he was prejudiced by standing trial in prison garb. The facts reflect that the attire was explained to the jurors by the defense, the jurors were subjected to voir dire on the impact of that attire, and thereafter no objection was made to the clothing worn. Although a defendant has the right to wear civilian clothes rather than prison garb at his trial, this procedural right was lost where no motion for continuance to obtain civilian clothing was made, and no objection to the procedure was made. *Sharpe v. State,* 119 Ga. App. 222 (1) (166 SE2d 645).

4. In enumerations of error 4 and 5, appellant complains that the state's attorney prejudiced appellant's right to a fair trial by making improper comments in the opening statement and later in closing argument.

(a) The comment complained of in the opening statement occurred when the state's attorney mentioned to the jury the bifurcated trial procedure (extant in 1973) wherein the jury was told it first had to determine the question of guilt or innocence and later would receive further instructions from the court. Appellant complains that this amounted to an expression by the state's attorney of a foregone conclusion of guilt. Counsel for the state did not state that guilt must be found but alternative findings of either guilt or innocence were required. Upon objection to the argument, the trial court admonished the state's attorney to restrict his argument to evidence rather than procedure. We find no prejudice in the remarks and even assuming error, it was cured by the corrective comments of the trial court. See *Smith v. State,* 235 Ga. 852 (1) (221 SE2d 601); *Newton v. Cohen-Walker-Bailie, Inc.,* 111 Ga. App. 753, 755 (143 SE2d 14); *Trammell v. Atlanta Coach Co.,* 51 Ga. App. 705 (5), 711 (181 SE 315).

(b) The second remark occurred in the closing argument wherein the state's attorney drew the deduction that drugs which were the subject of the burglary were stolen to be sold to children. The inference apparently was premised upon the assertion by the proponent that it was common knowledge that the most prolific users of drugs were the younger generation and that appellant had stated to a witness that he (appellant)

had a prospective buyer.

This comment about selling drugs to children was proper and not subject to rebuke. While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw deductions from the evidence, and the fact that a deduction may be illogical, unreasonable, or even absurd, is a matter for reply by adverse counsel, and not rebuke by the court. *Owens v. State,* 120 Ga. 209 (3) (47 SE 545). See also *Morgan v. State,* 124 Ga. 442 (1) (52 SE 748). Neither of these enumerations has merit.

5. The sixth enumeration complains that the trial judge, when he gave the indictment to the jury at the time it retired for deliberation, stated that the jury would have the "indictment and other evidence that has been introduced in this case." Appellant alleges this improperly characterized the indictment as evidence. However, earlier in his charge the trial court clearly and unequivocally told the jury the indictment was not evidence. On review the charge must be considered as a whole and each part in connection with every other part of the charge. *Zayre of Ga. v. Ray,* 117 Ga. App. 396, 398 (5) (160 SE2d 648). The full charge being in the record, what it lacks when divided is supplied when the parts are all united. *Brown v. Matthews,* 79 Ga. 1 (4 SE 13). There was no error in this portion of the charge.

6. The seventh enumeration of error dealing with the effectiveness of counsel, has been expressly abandoned. Rule 18 (c) (2), Rules of the Court of Appeals (Code Ann. § 24-3618).

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

SUBMITTED JUNE 8, 1976 — DECIDED JUNE 23, 1976.

*Gary A. Sinrich,* for appellant.

*John W. Underwood, District Attorney, Arthur K. Bolton, Attorney General, G. Thomas Davis, Senior Assistant Attorney General,* for appellee.