## 57880. MORRIS v. THE STATE.

DEEN, Chief Judge.

Otis Morris appeals from the denial of his motion for a new trial following his conviction of two counts of incest and one count of sodomy.

1. Defendant first contends that the trial court erred in failing to direct a verdict of acquittal because his daughter's testimony was not corroborated and that the court erred in failing to give his requested charge on corroboration.

"In sex crimes generally, if the victim is able and does consent to the crime, the victim is considered an accomplice under Code § 38-121 requiring corroboration of the victim's testimony." *Andrews v. State,* 144 Ga. App. 243 (240 SE2d 744) (1977). Code Ann. § 26-701, however, provides: "A person shall not be considered or found guilty of a crime unless he has attained the age of 13 years at the time of the act, omission, or negligence constituting the crime." See *M.S.K. v. State of Ga.,* 131 Ga. App. 1 (205 SE2d 59) (1974). In the present case, defendant's daughter was 11 years old at the time of the trial and cannot be considered to be an accomplice at the time the crime was committed. As a result, her testimony did not need to be corroborated, and the trial court did not err in refusing to grant defendant's motion for a directed verdict or in failing to give the requested charge on corroboration. To the extent that *Neel v. State,* 140 Ga. App. 691, 693 (231 SE2d 394) (1976), holds that a child under the age of ten cannot be an accomplice is in conflict with the requirements of Code Ann. § 26-701 which provides that a child under the age of thirteen cannot be guilty of a crime, it is overruled.

2. Defendant next contends that the trial court erred in admitting testimony of his daughter over objection as to previous acts of sexual intercourse. As "[e]vidence of similar crimes which have a logical connection may be offered in evidence to show plan, scheme, bent of mind and course of conduct," *Wynne v. State,* 139 Ga. App. 355, 356 (228 SE2d 378) (1976), this enumeration is without merit.

3. Defendant also alleges that the jury's verdict was based on insufficient evidence and was contrary to the weight of the evidence. On appeal, this court cannot look to the weight of the evidence, it can only determine if there is any evidence to authorize the verdict. *Ridley v. State,* 236 Ga. 147 (223 SE2d 131) (1976).

Examining the record, we find that there was evidence to support the incest and sodomy counts which

were alleged to have occurred on September 7, 1978. Defendant's daughter testified that her father had sexual relations with her on that date and in response to a question as to whether or not he put his sex organ in her mouth, she replied: "They were right in there (indicating)." As to the act of intercourse alleged to have occurred on December 15, 1977, her only reference to an incident on that date was that he tore her blouse and threw her down on the bed. On cross examination, she agreed with defense counsel that her father had "messed with her." Therefore, we find that there was sufficient evidence to authorize the jury to find that an act of sexual intercourse and sodomy had occurred on September 7, 1978, but there was no evidence of an act of sexual intercourse on December 15, 1977. At no time were references of prior sex acts tied into that date.

*Judgment affirmed in part; reversed in part. Quillian, P. J., McMurray, P. J., Smith, Banke, Birdsong, Underwood and Carley, JJ., concur. Shulman, J., not participating.*

SUBMITTED MAY 8, 1979 — DECIDED JUNE 13, 1979.

*G. Carey Nelson,* for appellant.
*Charles Crawford, District Attorney, James Eugene Greene, Assistant District Attorney,* for appellee.