## 63446. IN THE INTEREST OF L. F. A.

McMURRAY, Presiding Judge.

This case involves the alleged delinquency of a child in the shooting of another child "in the leg with a B. B. Gun." After a hearing the juvenile court determined that the allegations of the petition (a state of delinquency) had been sustained and that the child was in need of correction, treatment, care and rehabilitation. The child was placed on probation in her own home but subject to the supervision and direction of the "Court Service Worker," and under such conditions of probation as may be prescribed by the court and/or the court service worker until the child reaches majority or until further order of the court. The child appeals. *Held:*

There was evidence sufficient for the court to determine that the child, subject to the jurisdiction of the court, did intentionally and without justification shoot the other child in the leg; and the testimony authorized the finding beyond a reasonable doubt. Unlike the case of *Young v. State,* 120 Ga. App. 605, 606 (171 SE2d 756), the parents of the child delinquent were not deprived of their prima facie prerogative of training and supervision as the child was left in her own home subject to the supervision and direction of the court service worker. It is possible that the case could have been handled differently had there not been some animosity between the children and between the families involved in this case. Otherwise, this case probably would not have been brought before the juvenile court. Under the circumstances, we cannot hold the juvenile court erred in finding the child to be delinquent (in wilfully shooting the other in the leg with a B. B. gun) and in need of correction, treatment, care and rehabilitation. While the members of this court, had they been serving as the juvenile court, might have decided the issues differently, nevertheless we find no merit in the enumerations of error here. The case of *M. S. K. v. State of Ga.,* 131 Ga. App. 1, 2 (205 SE2d 59), as well as that of *Young v. State,* 120 Ga. App. 605, 606,

supra, both differ on their facts. The former case shows that the school officials had already taken corrective measures, and in the latter this court implies that misconduct occurring while a student is within the jurisdiction of the school officials is usually the subject of disciplinary action by school officials. Had the parents here taken the proper action there would have been no necessity for invoking the aid of the juvenile court.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED FEBRUARY 22, 1982.

*William G. Posey,* for appellant.
*William A. Foster III, District Attorney, Barbara V. Tinsley, Assistant District Attorney,* for appellee.