## 39792. HARRIS v. THE STATE.

CLARKE, Justice.

Alton Harris was convicted of the murder of Jane Scott in Decatur County and sentenced to life imprisonment. His appointed attorneys have filed a motion to withdraw from the case on the basis that any appeal would be frivolous. They have filed a brief outlining possible contentions of Harris on appeal. Harris has been provided with a copy of this brief. We grant counsel's motion and affirm the trial court. Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967).

We have carefully reviewed the record and transcript in this case and conclude that the jury was authorized to find that following an afternoon spent on the bank of the Flint River consuming great quantities of alcohol, the defendant and the victim returned home and fell into an argument concerning whether the victim was too drunk to cook supper. The victim called the defendant names and they began to physically fight or wrestle. Travis Sanders, a boy who had spent the day with the couple, was in the house and testified to these events. He testified that after the fight began, he went outside and shortly thereafter heard a shot. A detective who talked with Travis on the evening of the shooting testified that the boy told him that he saw defendant point the gun at the victim. Travis denied this on the witness stand.

Defendant's version of the shooting is that it was accidental. He contends that he was moving the shotgun from the bedroom and met the victim in the hall where she, being startled, panicked and tried to grab the gun. The gun went off.

The court charged the jury as to involuntary manslaughter, voluntary manslaughter, accident, and murder. The jury found defendant guilty of murder.

Counsel for defendant, in their brief in support of the motion to withdraw, raise two possible errors which might be raised on appeal. The first of these is the court's allowing the district attorney to cross-examine Travis Sanders. It is now the rule that knowledge of a prior inconsistent statement by a party's witness which contradicts testimony just given constitutes sufficient entrapment so that the party may impeach his witness by use of the prior statement. Davis v. State, 249 Ga. 309(290 SE2d 273) (1982). Proof of surprise is no longer necessary and is, indeed, irrelevant. Therefore, there was no error in the court's allowing cross-examination of Travis Sanders.

The second possible enumeration raised by counsel is the court's failure to give defendant's requested charge on intoxication which was, in relevant part: "[I]f, because of the influence of alcohol, one's

mind becomes so impaired as to render him incapable of forming an intent to do the act charged, or to understand that a certain consequence would likely result from it, he would not be criminally responsible for the act." In the request defendant cited *Choice v. State,* 31 Ga. 424 (1860) and *Thomas v. State,* 105 Ga. App. 754 (125 SE2d 679) (1962), in support of his request. These cases, however, stand for the proposition that although voluntary intoxication is no excuse for a crime, insanity when sober is a defense even if the insanity is intensified by alcohol. This is so because whether drunk or sober, an insane person is not responsible. There is no evidence that defendant here was insane. Therefore, there was no error in failing to give the charge requested or in failing to give a charge based on *Choice v. State* and *Thomas v. State,* supra. A charge substantially the same as that requested here was very recently rejected by this court in *Gilreath v. State,* 247 Ga. 814, 831 (279 SE2d 650) (1981).

Having considered the transcript and record in this case, we find that the evidence meets the requirements of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The motion of counsel to withdraw should be granted.

*Motion granted; appeal dismissed. All the Justices concur, except Smith and Bell, JJ., who would affirm.*

DECIDED MAY 3, 1983.

*Bruce W. Kirbo, Edwin J. Perry III,* for appellant.
*Gilbert J. Murrah, District Attorney, Michael J. Bowers, Attorney General,* for appellee.