68139. HARRIMAN v. THE STATE.

POPE, Judge.

After a trial by jury, appellant was convicted of the offense of rape and sentenced to serve ten years in prison. Appellant appeals his conviction and the subsequent denial of his motion for new trial.

1. Appellant raises the general grounds. The victim testified that she and appellant were friends from high school. On the night the offense was committed, upon appellant's request the victim gave him a ride in her car for a short distance to the East Point Woman's Club where appellant claimed that his grandmother was working. According to appellant, the victim testified, he would then get $20.00 from his grandmother to repay the victim money she had previously loaned him. Finding the Club vacant, the victim followed appellant around the back of the building to another building located behind the Club where appellant suggested that his grandmother might be found. Again finding no one, the pair began their return to the car with the victim walking ahead of appellant. At this point, a rope or cord was slipped around her neck and appellant began to strangle her. After a struggle, appellant placed a small knife at the victim's neck and forced her to enter the woods and to remove her clothing. Appellant then forced the victim to submit to sexual intercourse with him. "The evidence was more than sufficient to support the verdict, and we find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]." *Caple v. State*, 160 Ga. App. 380 (287 SE2d 336) (1981).

2. Appellant enumerates as error the trial court's admission of testimony concerning a similar subsequent offense. The evidence at issue was presented by testimony of a sixteen-year-old girl, a friend of appellant's, who stated that two months after the rape for which he was being tried, appellant had accompanied her in her car to Grayson Field where, he suggested, they might find his girl friend. Searching the area and the outskirts of a nearby wooded area, the girl testified that appellant stopped behind her, ostensibly to tie his shoe. He then slipped a rope around her neck and pulled her to the ground. The girl struggled and kicked appellant, thus managing to get away. She then ran to her car and drove away, later alerting police to the incident. The girl positively identified appellant upon reporting the assault and again at trial. The trial court admitted this testimony concerning the subsequent assault with thorough instructions that it was to be considered only for the limited purpose of showing motive, plan, scheme, bent of mind or course of conduct.

"Although evidence of independent crimes is not generally admissible, 'evidence of the other crime is admissible if some logical connection can be shown between it and the crime charged from which it can be said that proof of one tends to establish the other, other than by merely showing the bad character of the accused. (Cit.) Evidence of independent crimes has been admitted for the purpose of showing, among other things, motive, plan, scheme, bent of mind, and course of conduct. (Cit.) The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses.' *Johnson v. State*, 242 Ga. 649, 652-653 (3) (250 SE2d 394) (1978); *Neal v. State*, 159 Ga. App. 450, 451 (1) (283 SE2d 671) (1981). 'There was sufficient similarity in each of these instances to make the evidence admissible . . . for illustrating his motive, plan, scheme, bent of mind, and course of conduct.' *Hicks v. State*, 232 Ga. 393 (207 SE2d 30) (1974)." *Hampton v. State*, 162 Ga. App. 672, 673 (292 SE2d 544) (1982). See also *Fambro v. State*, 165 Ga. App. 445 (2) (299 SE2d 114) (1983); *Perry v. State*, 158 Ga. App. 349 (2) (280 SE2d 390) (1981). Further, the admissibility of such evidence is unaffected by the fact that the similar alleged offense occurred subsequent to the offense for which appellant was being tried, rather than prior to it. See *McGee v. State*, 165 Ga. App. 423 (4) (299 SE2d 573) (1983); *Wilson v. State*, 145 Ga. App. 33 (5) (243 SE2d 304) (1978). We find sufficient similarities in the manner in which the two incidents occurred to allow for the admission of the testimony concerning the subsequent offense.

3. Appellant also assigns error to the state's impeachment of its own witness, appellant's girl friend, by use of her prior inconsistent statement. Notwithstanding appellant's contentions to the contrary, this issue has been decided adversely to him in *Davis v. State*, 249

Ga. 309 (3) (290 SE2d 273) (1982). "[T]he trial judge properly allowed the prosecutor to impeach his own witness because at the time of the questioning, the prosecutor had knowledge of a prior statement by that witness which contradicted testimony the witness had just given." Id. at 314. See also *Harris v. State*, 250 Ga. 889 (302 SE2d 104) (1983).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED APRIL 19, 1984.

*Kenneth D. Feldman, Margaret H. Earls*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Chris Jensen, Assistant District Attorneys*, for appellee.