### 69221. TUCKER v. THE STATE.
(327 SE2d 852)

BEASLEY, Judge.

The defendant, Darrell Bruce Tucker, appeals his conviction of the offense of statutory rape. *Held*:

1. It is contended that the guilty verdict "is contrary to the weight of evidence, law, and the principles of justice and equity." "On appeal, this court cannot look to the weight of the evidence, it can only determine if there is [sufficient] evidence to authorize the verdict." *Morris v. State*, 150 Ga. App. 310 (3) (257 SE2d 378) (1979). The defendant argues that the statement of the complainant was neither sufficiently supported, nor corroborated by the testimony of the other witnesses. We do not agree.

"The quantum of corroboration needed in a rape case is not that which is in itself sufficient to convict the accused, but only that amount of independent evidence which tends to prove that the incident occurred as alleged. [Cits.] . . . Slight circumstances may be sufficient corroboration, and ultimately the question of corroboration is one for the jury. If there is any corroborating evidence, we will not go behind the jury and pass upon its probative value." *Burnett v. State*, 236 Ga. 597, 598 (225 SE2d 28) (1976); accord *Hill v. State*, 159 Ga. App. 489, 490 (283 SE2d 703) (1981). Defendant admitted being at the home of the victim on the day of the alleged offense. The testimony of the victim's cousin corroborated the presence of the defendant in the bedroom where the act occurred; she found the victim in the bed, with bare shoulders, and the bedding pulled around her body; she confirmed a wet spot in the bed which the victim said was sperm; and she also observed blood on the victim's panties after the act was said to have occurred. The victim made an immediate report to her. A doctor confirmed that the 12-year-old victim had a hymeneal tear on the afternoon of the day the act was alleged to have oc-

curred; it was his opinion that the tear could have caused bleeding and that the tear could have occurred during sexual intercourse.

The evidence presented by the State adequately corroborates the testimony of the victim, *Copeland v. State,* 160 Ga. App. 786 (1) (287 SE2d 120) (1982), and is sufficient for any rational trier of fact to have found the existence of the offense charged beyond a reasonable doubt. *Brown v. State,* 163 Ga. App. 896 (1) (296 SE2d 185) (1982).

2. The State offered in evidence testimony of an investigator of the Sheriff's office as to what the defendant had spontaneously stated to him concerning the incident, which appellant now says injected his character "into issue." No objection or motion for mistrial was made during the trial. On appeal, counsel argues that the court erred in not granting a mistrial on its own motion in view of the fact that defendant, who insisted on representing himself even though appointed counsel was at his side, "lacked the proper skill and knowledge to meticulously conduct his own defense." In essence, this is a claim of ineffective assistance of counsel when an accused deliberately appears pro se.

At the outset of the trial the court advised defendant that "there are certain specific rules of procedure and evidence which apply in every case, civil or criminal case. And this court expects the trial to be conducted under those rules, strictly under those rules of procedure and evidence.

"I would also tell you, for whatever use you'd like to make of it, that this court thinks it's very, very dangerous for an individual to attempt to represent himself during a case, not being schooled in those technical rules of procedure and the rules of evidence that are set by statute.

"However, understanding that, if a person wishes to represent themselves they have the absolute right to do so . . . . You may proceed or you may have [your attorney] proceed, either way you wish to do it."

We find no reversible error. The record shows with convincing clarity that the defendant knowingly, understandingly and voluntarily waived the right of representation by counsel. *Boyd v. Dutton,* 405 U. S. 1 (92 SC 759, 30 LE2d 755) (1972). When a criminal defendant does this and appears pro se, he will not thereafter be heard to assert a claim of ineffective assistance of counsel when he was the acting counsel at the time of the alleged error. *Mullins v. Lavoie,* 249 Ga. 411, 412 (290 SE2d 472) (1982). This enumeration is without merit.

3. Defendant's last enumeration of error alleges "[t]he trial court erred in not affording defendant an in camera hearing upon defendant's request for same." He argues that he should have been afforded a hearing relating to evidence of past sexual activity by the prosecutrix. He never made such a specific request, however.

When the *state* called the complainant to the witness stand, defendant stated: "Your Honor, I have a non-jury matter I'd like to present before [the complainant] is allowed to take the stand. THE COURT: State your motion. State your motion. MR. TUCKER: Okay. The motion is for — the motion that I'd like to present in front of the court is my right to a thorough and sifting cross-examination as opposed to the public policy behind the rape shield statute. THE COURT: The motion is overruled."

Our Code provides for the procedure to be followed when the accused desires to introduce evidence of the complainant's past sexual behavior: "(1) At the time the defense shall seek to introduce evidence which would be covered by subsection (b) of this Code section, the defense shall notify the court of such intent, whereupon the court shall conduct an in camera hearing to examine into the defendant's offer of proof." OCGA § 24-2-3 (c) (1).

The defendant never, much less at the proper time, notified the court of an intent to introduce evidence of the complainant's past sexual behavior, nor did he specifically request an in camera hearing for this purpose. The court had earlier explained to defendant that the rules would have to be complied with, and the court ordered the counsel who had been appointed a month earlier to remain at counsel table and assist whenever defendant requested help. Hence, the court was unaware of any request for, or need for, an in camera hearing. There was no offer of proof or of intent to offer proof of past sexual behavior. Before a trial court can be faulted for refusing an in camera hearing required by the Code, the court must be placed on notice as to the intent of the defense to seek to introduce such evidence, and the defense must specifically notify the court of the need for an in camera hearing for its offer of proof.

Moreover, even when the proper procedure is followed, evidence of past sexual behavior is only admissible to prove a reasonable belief of consent or if it involved participation by the accused. OCGA § 24-2-3 (b). Consent was not an issue, because the charge was statutory rape. OCGA § 16-6-3; *Hill v. State*, 246 Ga. 402, 405 (271 SE2d 802) (1980). Appellant does not contend that he was an earlier participant but rather that the evidence would tend to impeach the witness. It is generally not allowed for such purpose. *Johnson v. State*, 146 Ga. App. 277 (246 SE2d 363) (1978). But see *Villafranco v. State*, 252 Ga. 188, 194-195 (313 SE2d 469) (1984). What is more, appellant points to no testimony of the witness wherein she denied past sexual behavior or that she was a virgin, which even would have given rise to cross-examination on the subject with the objective of impeaching her testimony. This allegation of error is not meritorious.

Defendant also argues, on appeal, the unconstitutionality of the rape shield statute, with respect to the Sixth and Fourteenth Amend-

ments' right to be confronted with the witnesses against him. The enumeration listed only the failure of the court to hold an in camera hearing, and an enumeration may not be enlarged by the brief on appeal to cover a ground not contained in the enumeration. *Key · v. State*, 147 Ga. App. 800 (2) (250 SE2d 527) (1978). Moreover, it was not raised below, and thus there is no ruling of the trial court to review as to this matter. *Philyaw v. Fulton Nat. Bank*, 139 Ga. App. 28 (1) (227 SE2d 811) (1976); *Hardison v. Haslam*, 250 Ga. 59 (3) (295 SE2d 830) (1982).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MARCH 8, 1985.

*G. Kyle Weeks*, for appellant.

*H. Lamar Cole, District Attorney, James B. Thagard, Assistant District Attorney*, for appellee.