## 70824. McCRARY v. THE STATE.
### (337 SE2d 442)

BENHAM, Judge.

Appellant was convicted of three counts of statutory rape involving his ten-year-old stepdaughter; one count of aggravated assault with intent to rape his 15-year-old stepdaughter; and one count of simple battery involving the older girl.

1. Appellant first questions the trial court's ruling that the 10-year-old was competent to testify. At a hearing held outside the presence of the jury, the young girl's testimony indicated that she knew the difference between truths and untruths; that she knew she could be punished for speaking untruths; and that she had promised to tell the truth when she raised her hand before taking the stand. It is not necessary that the child be able to define the meaning of an oath. *Early v. State*, 170 Ga. App. 158 (1) (316 SE2d 527) (1984). "Although she said she did not know the meaning of the word 'oath,' there was sufficient evidence for the trial court to determine that the child met the standard of intelligence required to qualify her as a witness. [Cit.]" *Maynard v. State*, 171 Ga. App. 605 (1) (320 SE2d 806) (1984). Since the trial court did not abuse its discretion when it held the child competent to testify, this court will not overturn that ruling. *Middlebrooks v. State*, 253 Ga. 707 (4) (324 SE2d 192) (1985).

2. Appellant maintains that the evidence presented by the State was not sufficient to support the guilty verdicts returned by the jury. We disagree. The 10-year-old testified about three separate occasions on which appellant had had sexual intercourse with her. Her testimony was corroborated by that of her examining physician, who stated that the 10-year-old girl had "sexually mature genitalia" and who opined that she had had sexual intercourse on several occasions. OCGA § 16-6-3 requires corroboration of the victim's testimony in order to sustain a conviction for statutory rape. "Slight circumstances may be sufficient corroboration, and ultimately the question of corroboration is one for the jury. If there is any corroborating evidence, we will not go behind the jury and pass upon its probative value. [Cits.]" *Tucker v. State*, 173 Ga. App. 742 (1) (327 SE2d 852) (1985). There was sufficient evidence to authorize the convictions for statutory rape. Id.

The older victim testified that on two separate occasions appellant started disrobing her and placed his finger in her genitalia despite her tears and protests. She related that after one of the incidents appellant said she was "right," but not right for him. The

evidence summarized above was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of aggravated assault with intent to rape and simple battery. OCGA §§ 16-5-21 (a) (1); 16-5-23 (a); *Middlebrooks v. State*, 156 Ga. App. 319 (1) (274 SE2d 643) (1980).

3. Appellant's remaining enumerations of error concern the content of the trial court's instructions to the jury. Citing *Maynard v. State*, supra, Division 2, appellant asserts that the trial court erred when it refused to charge the jury that it was obligated to consider the age of the child witnesses when judging their credibility. A review of the charge given by the trial court reveals the jury was told that "in passing on the credibility of the witnesses, you are authorized to consider all of the facts and circumstances of the case: the witnesses' manner on the stand, their means and opportunity for knowing the facts to which they testify, their interest or want of interest in the case, *their age*, their intelligence, or lack of it . . ." (Emphasis supplied.) *Maynard v. State* does not hold that a trial court must give the specific credibility charge submitted by the defendant.

4. Finally, appellant contends that the trial court committed reversible error when it failed to charge the jury on the law of simple assault. Assuming arguendo that simple assault is an offense included in statutory rape and aggravated assault with intent to rape, "[i]t is never error for a trial court to refuse to charge on a lesser included offense even though requested in writing when the evidence does not reasonably raise the issue that defendant may be only guilty of the lesser crime. [Cits.]" *Quick v. State*, 139 Ga. App. 440 (5) (228 SE2d 592) (1976). The evidence presented against appellant in the case at bar is summarized in Division 2. In his defense, appellant maintained that the incidents never occurred. Since conviction of simple assault was not a possible outcome, there was no error in refusing to charge on the subject.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 1, 1985.

*Robert M. Bearden, Jr.*, for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.