72953. GRAYER v. THE STATE.
(354 SE2d 191)

BEASLEY, Judge.

Defendant, the stepfather of the two victims, appeals his conviction of statutory rape of one sister, OCGA § 16-6-3, and child molestation of the other, OCGA § 16-6-4 (a & b).

1. Defense counsel was cross-examining a police officer as to defendant's statement which began "Dear Judge." After counsel was reprimanded for expressing his disbelief of the officer's testimony that there had been statements by others which began similarly, defense counsel inquired how the statement got that heading. The officer stated: "He told me during this entire time, when — my job as an investigator is to determine what had happened and if this thing did happen, reduce it to writing. My opinion during this period of time I was convinced that he did do it, that it did happen . . ." Motion for mistrial was made immediately and a hearing was conducted out of the presence of the jury. Following the hearing, the jury was instructed that they were the ones to decide the question of defendant's guilt or innocence, not a witness, and they should disregard entirely the response by the witness. The motion for mistrial was renewed and denied.

Defendant contends the testimony was so prejudicial that a mistrial should have been granted. While a witness' opinion as to an accused's guilt may be inadmissible (*Frink v. Southern Express Co.*, 82 Ga. 33, 40 (3) (8 SE 862) (1888)), there was no error in the denial of a mistrial. It has long been the rule that a prosecuting attorney is forbidden from expressing his belief as to an accused's guilt during argument. However, where that occurs, prompt corrective instructions are sufficient. *Hall v. State*, 139 Ga. App. 142, 143 (4) (227 SE2d 917)

(1976); *Wells v. State,* 194 Ga. 70, 75 (5) (20 SE2d 580) (1942). The trial court did not abuse its discretion in declining to declare a mistrial. *Flowers v. State,* 252 Ga. 476 (314 SE2d 206) (1984).

2. During the direct examination of a psychologist who examined the two sisters the state sought to elicit whether one of them was suffering from "sexual abuse syndrome." Defendant objected on the grounds this was irrelevant and immaterial. The trial court overruled the objection, but the prosecuting attorney than asked the witness whether she found the appearance and assessment made of the victim to be consistent with that of a sexually abused child. No further objection was made.

For several reasons there is no basis for reversal. 1) The objection was insufficient to raise any question as to the admissibility of the evidence. *Harrison v. State,* 120 Ga. App. 812, 817 (8) (172 SE2d 328) (1969); *Colbert v. State,* 149 Ga. App. 266, 268 (2) (253 SE2d 882) (1979). 2) There was no answer given to the question objected to and no objection to the question actually asked. *Harris v. State,* 96 Ga. App. 395, 400 (2) (100 SE2d 120) (1957); *Anglin v. State,* 173 Ga. App. 648 (327 SE2d 776) (1985). 3) An objection to the admission of evidence not urged on trial cannot be considered on appeal. *Austin v. State,* 100 Ga. App. 142, 143 (1) (110 SE2d 422) (1959). 4) Even if the matter had been properly raised, the evidence was *not* objectionable under the recent decision of *Butler v. State,* 256 Ga. 448 (349 SE2d 684) (1986).

3. Defendant contends it was error to deny his motion for mistrial because the court's questioning of one of the victims amounted to reforming the witness.

" 'The trial judge has the right to propound a question or a series of questions to any witness for the purpose of developing fully the truth of the case; and the extent to which the examination conducted by the court shall go is a matter within his discretion.' " *Beavers v. State,* 132 Ga. App. 94, 96 (7) (207 SE2d 550) (1974). The only limitation upon this right is not to express an opinion or intimate to the jury what has or has not been proven. *Parker v. State,* 51 Ga. App. 295 (1) (180 SE 390) (1935).

Here the questions were propounded outside the presence of the jury. *Jones v. State,* 250 Ga. 498, 500 (4) (299 SE2d 549) (1983); *Dick v. State,* 246 Ga. 697, 701 (4) (273 SE2d 124) (1980). The admonition to the young witness to tell the jury what she related to the judge, not being in the jury's presence, was not error. The trial court did not abuse its discretion in refusing to declare a mistrial on this ground.

4. Defendant complains of the admission of his statements. The trial court conducted a *Jackson v. Denno,* 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), hearing. Its determination, based upon the totality of circumstances, as to the disputed facts and credibility of the

witnesses must be accepted unless clearly erroneous. *Stephens v. State*, 170 Ga. App. 342, 343 (317 SE2d 627) (1984). This ground reveals no reversible error.

5. Defendant contends the court erred in charging OCGA § 16-3-4 (c) without additional embellishments concerning when voluntary intoxication might be an excuse. See *Blankenship v. State*, 247 Ga. 590, 591 (3) (277 SE2d 505) (1981). Even where there were written requests as to such principles, we have found no error in their exclusion. *Hutter v. State*, 166 Ga. App. 608, 609 (3) (305 SE2d 124) (1983), reversed on other grounds, 251 Ga. 615 (307 SE2d 910) (1983). Accord *Gilbreath v. State*, 247 Ga. 814, 830 (13) (279 SE2d 650) (1981); *Harris v. State*, 250 Ga. 889, 890 (302 SE2d 104) (1983); *Faircloth v. State*, 175 Ga. App. 130 (1) (333 SE2d 686) (1985).

Furthermore, absent a written request, a correct charge on the law is not error because it fails to embody other pertinent and appropriate principles. *Roberts v. State*, 88 Ga. App. 767, 769 (77 SE2d 825) (1953).

6. Defendant argues that the evidence was insufficient to sustain his convictions because of lack of corroboration.

(a) A conviction for child molestation requires no corroboration of the victim's testimony. *Baker v. State*, 245 Ga. 657, 666 (5) (266 SE2d 477) (1980). Applying the *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), test, the evidence of child molestation was sufficient. *Padgett v. State*, 175 Ga. App. 818, 819 (334 SE2d 883) (1985).

(b) While statutory rape does mandate that the victim's testimony be corroborated, construing the evidence in favor of the verdict, there was sufficient corroboration, including the defendant's inculpatory statements, (*Wright v. State*, 184 Ga. 62, 67 (190 SE 663) (1937)) to authorize a rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. *McCrary v. State*, 176 Ga. App. 683 (2) (337 SE2d 442) (1985).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 20, 1987.

*Susan C. Janowski, James A. Yancey, Jr.*, for appellant.
*Harry D. Dixon, Jr.*, District Attorney, *Richard E. Currie*, Assistant District Attorney, for appellee.