## 75761. STEPHENS v. THE STATE.
(366 SE2d 211)

BEASLEY, Judge.

Defendant appeals his conviction of aggravated assault. OCGA § 16-5-21.

1. Defendant was also charged with armed robbery and entering an automobile with intent to commit a theft but was acquitted. Because all the charges arose out of the same incident, defendant contends the evidence was insufficient in that his acquittal on two of the charges prevents his conviction on the aggravated assault charge.

*Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986), abolished the inconsistent verdict rule in criminal cases. Thus, the sole question is whether the evidence was sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It was.

2. Defendant enumerates as error a portion of the jury charge which tracked the language of *Eason v. State*, 217 Ga. 831, 841 (4) (125 SE2d 488) (1962). As exhibited by that case and others since, it contains a rule of evidence to be applied in cases dependent solely on circumstantial evidence. See also *Brown v. State*, 170 Ga. App. 398, 400 (5) (317 SE2d 207) (1984); *Pinson v. State*, 235 Ga. 188, 190 (219

SE2d 125) (1975); *Castleberry v. State*, 152 Ga. App. 769, 770 (2) (264 SE2d 239) (1979). It is assumed for the purpose of deciding the issue on appeal that this was a circumstantial evidence case. We do not consider whether or not the evidence was wholly circumstantial because no such objection to the charge was raised.

Defendant's ground of complaint is that the charge constituted an impermissible expression of opinion by the court as to what was or was not proved. Such an incursion of the trial judge into the fact-finding process is forbidden by OCGA § 17-8-57, which is not cited by appellant although some of the cases he relies on do. None of the authorities he cites address or decide the issue raised here. The recent Supreme Court case of *Mullinax v. State*, 255 Ga. 442, 445 (4) (339 SE2d 704) (1986), states that: "OCGA § 17-8-57 is only violated when the court's charge assumes certain things as facts and intimates to the jury what the judge believes the evidence to be. [Cits.]" Applying the statute with this further explanation, the charge complained of, being merely an exposition of a rule of evidence, does not bear the character of a prohibited opinion.

3. Defendant contends that during closing argument the assistant district attorney engaged in prosecutorial misconduct by (1) arguing facts not in evidence, (2) commenting on defendant's burden of producing evidence, and (3) arguing to the jury that it had the duty to keep defendant from committing further crimes. Defendant urges that a fair trial was denied by the totality of the prosecution's improper remarks, but cumulative error is not a basis for reversal. *Campbell v. State*, 181 Ga. App. 1, 3 (2) (351 SE2d 209) (1986).

Dealing with the individual assertions, they pose no error. As to the first, arguing facts not in evidence, the trial court sustained defendant's objection in one instance and in two other instances the argument by the prosecutor was in response to contentions made by defendant and were not outside the scope of reasonable inferences or deductions so as to be objectionable. *Brinson v. State*, 170 Ga. App. 297, 298 (2) (316 SE2d 857) (1984); *Hall v. State*, 139 Ga. App. 142, 143 (4b) (227 SE2d 917) (1976). Moreover, within reasonable bounds, the state may discuss its own failure to produce evidence. *Pope v. State*, 167 Ga. App. 328, 330 (2) (306 SE2d 326) (1983). Even if the comments were unsupported by evidence, they were harmless. *Rivers v. State*, 250 Ga. 288, 298 (6) (298 SE2d 10) (1982).

Regarding the second, it is not improper for a prosecutor to comment on the failure of defendant to produce evidence. *Bell v. State*, 180 Ga. App. 170 (348 SE2d 712) (1986); *Holmes v. State*, 148 Ga. App. 817 (2) (253 SE2d 237) (1979). Defendant's burden of proof was not mentioned.

Last, considering number three, the necessity of law enforcement may be urged upon the jury. *Heaton v. State*, 175 Ga. App. 735, 736

(5) (334 SE2d 334) (1985); *Mason v. State*, 236 Ga. 46, 49 (7) (222 SE2d 339) (1976). But here, due to defense counsel's objection, the district attorney never reached the point of making such an appeal, if indeed that was his aim. To the contrary, defendant's objection alone unnecessarily introduced the point.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 12, 1988.

*Roland R. Castellanos*, for appellant.

*Thomas J. Charron, District Attorney, James F. Morris, Nancy I. Jordan, Assistant District Attorneys*, for appellee.