## A99A1653. GARLAND v. THE STATE.
(528 SE2d 550)

PHIPPS, Judge.

Richard Garland was convicted of three counts of burglary, two counts of rape, one count of robbery, one count of armed robbery, and one count of aggravated assault. He appeals, challenging the sufficiency of the evidence to support the jury's verdict and the trial court's denial of his motions for continuance and mistrial. We find that there was sufficient evidence to support the verdict and that the trial court did not err in denying Garland's motions. Therefore, we affirm his convictions.

Garland's charges arose from three incidents where a man concealing his face and hair broke into the home of 72-year-old Barbara Williams. On November 7, 1995, Williams fell asleep in a chair in her living room and was awakened by the man's presence in her home. He demanded money, led her through the house looking for her purse, pushed her down on the floor, had intercourse with her forcibly and against her will, and took four or five of her rings. On January 22, 1996, the man broke into Williams's home again as she slept in a living room chair, brandished a knife to her, and said, "I want your money and I'll kill you if you don't give it to me." He then took money from Williams's purse. Then, on February 19, 1996, the man awakened Williams around midnight as she slept in her bed. He again demanded money, but she had none. Before leaving, the man took Williams from her bed, pushed her to the floor, and had intercourse with her forcibly and against her will.

1. In considering Garland's insufficient evidence argument, " 'we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt.' [Cit.]"[1] The evidence establishes without contradiction that an intruder committed the crimes of which Garland was convicted. The only issue is whether Garland was the intruder.

We find the evidence was sufficient to allow a rational trier of fact to conclude beyond a reasonable doubt that Garland was the perpetrator. Garland lived within one and a half blocks of Williams's home. His palm print was found on the inside of a window there, although Williams testified that Garland had never been inside her home with her permission. DNA testing did not exclude Garland as a potential donor of semen found inside Williams after she was raped. And similar transaction evidence established that late one night in 1989, Garland broke into the home of another woman and raped her

---

[1] *Jackson v. State*, 236 Ga. App. 260 (511 SE2d 615) (1999).

while wearing a scarf around his head and mouth.

2. Before trial, Garland moved for a continuance on the ground that he wished to call two absent witnesses — Roger Lamar Hatcher, Jr. and Allen Sidney Bryant, Jr. Eight days before trial, Garland filed with the clerk of the trial court a request for Hatcher and Bryant to be subpoenaed. During the oral presentation of the motion for continuance, Garland's attorney stated that the subpoenas had been issued and given to the Grady County Sheriff's Department but had not been served. Garland's attorney asserted that Hatcher and Bryant were Grady County residents but "[had] reportedly been seen over in the edge of Florida, one in Tallahassee and one in the Quincy/Havana area."

OCGA § 17-8-25 sets forth eight showings that must be made in applications for continuance on the ground that a witness is absent. At a minimum, Garland failed to make the required showing that the evidence to be presented through the witnesses was material.[2] Garland wanted to present Hatcher and Bryant before the jury as possible perpetrators of the crimes against Williams. Before the police focused their investigation on Garland, they considered Hatcher and Bryant suspects. Garland wanted to show the jury that he, Hatcher, and Bryant resemble one another and ostensibly that he could have been mistaken for one of them.

Garland was never identified as the perpetrator based on his appearance, however. He was identified circumstantially through his palm print, DNA testing of the semen, and the similar transaction testimony. When, as here, the requirements of OCGA § 17-8-25 have not been met, we are unable to review the trial court's exercise of discretion on a motion for continuance.[3]

3. Immediately before trial, Garland moved to relieve his appointed counsel and represent himself. After being advised by the court of the perils of proceeding pro se, Garland elected to do so. The court required the appointed attorney to remain at counsel table during the trial and give advice to Garland if Garland requested it. Garland represented himself during the entire first day of trial. But before trial resumed on the second day, Garland asked the court to allow his appointed counsel to resume representation. The court permitted the change.

Appointed counsel immediately moved for a mistrial, stating "I feel that Mr. Garland's rights were seriously jeopardized, admittedly some by his own actions, and I would ask the Court to take all this into consideration." On appeal, Garland's attorney asserts that Gar-

---

[2] See OCGA § 17-8-25.

[3] See *Edwards v. State*, 224 Ga. App. 332, 333 (1) (480 SE2d 246) (1997).

land made the following blunders: (1) he declined to have the members of the prospective jury panel identify themselves; (2) he asked no voir dire questions of the jury venire; (3) he gave no real opening statement; and (4) he cost himself the right to open and close during closing argument by tendering evidence which had little probative value.

Garland's argument is essentially an ineffective assistance of counsel claim against himself. The record shows that Garland knowingly, understandingly, and voluntarily waived his right to counsel. He was advised on two separate occasions about the pitfalls of proceeding pro se and the prudence of proceeding with counsel. He stated on the record that he wanted to represent himself despite an understanding of the danger of doing so. He also stated that he understood that he could seek the advice and guidance of appointed counsel who would remain at the defense table.

> When a criminal defendant [knowingly, understandingly, and voluntarily waives his right to counsel] and appears pro se, he will not thereafter be heard to assert a claim of ineffective assistance of counsel when he was the acting counsel at the time of the alleged error. [Cit.][4]

The trial court did not err in denying Garland's motion for mistrial.
*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 21, 2000.

*Billy M. Grantham*, for appellant.
*J. Brown Moseley, District Attorney, Anthony E. Paulsen III, Assistant District Attorney*, for appellee.

---

[4] *Tucker v. State*, 173 Ga. App. 742, 743 (2) (327 SE2d 852) (1985).